**NIXON et al. v. GENERAL EXPLOSIVES CO.**

No. 13068—Opinion Filed April 24, 1923.

(Syllabus.)

1. **Appeal and Error—Dismissal on Non-Jurisdictional Grounds — Judgment on Supersedeas Bond.**

Where an appeal is dismissed for failure to comply with the rules of the court or for other non-jurisdictional grounds, such dismissal has the affect of an affirmance of the judgment of the lower court, and the court in such case has jurisdiction to render judgment on supersedeas bond against the sureties on such bond under section 797, Comp. Stat. 1911.

2. **Same — Dismissal on Jurisdictional Grounds.**

Where the appeal has not been perfected as required by law, and this court acquires no jurisdiction of the case, and the appeal is dismissed on jurisdictional grounds this court is powerless to render judgment on supersedeas bond.

3. **Same.**

Where judgment was rendered by the lower court on the pleadings, and a motion for a new trial was filed and overruled and notice of the appeal given within ten days after the motion for a new trial was over-

ruled, but not within ten days after judgment was rendered on the pleadings, and the appeal was dismissed by this court because of the failure to give notice of appeal within ten days after the judgment was rendered, such dismissal was on a jurisdictional ground and this court was without jurisdiction to render judgment on the supersedeas bond.

Proceeding to vacate judgment on supersedeas bond. Judgment vacated.

See, also, 87 Okla. 88, 209 Pac. 428.

John B. Meserve, for petitioners.

S. S. Bassett, for respondents.

COCHRAN, J. On September 26, 1922, an opinion was filed in this case dismissing the appeal on the ground that notice of appeal had not been filed within the time required by section 782, Comp. Stat. 1921, and on the 27th day of November, 1922, judgment was entered against the sureties on the supersedeas bond under the provisions of section 797, Comp. Stat. 1921, which provides:

"In the event that the judgment of the court to which such appeal is taken is against the appellant, judgment shall, at the same time it is entered against the appellant, he entered against the sureties on his said undertaking to stay execution, and execution shall issue thereon against said sureties the same as against their principal, the appellant, and no stay of such execution shall be permitted."

The sureties on the supersedeas bond against whom judgment has been rendered have filed their petition to vacate the judgment rendered against them on the supersedeas bond on the ground that the Supreme Court never acquired jurisdiction of the case by reason of the failure to give notice of appeal and, therefore, this court, having no jurisdiction of the appeal, was without jurisdiction to render any judgment on the supersedeas bond, and, further, that under the provisions of section 797, this court has power to render a judgment on the supersedeas bond only where the judgment of the trial court is affirmed, and this court has not power to render judgment on such bond where the appeal is dismissed, whether the dismissal be for lack of jurisdiction or on non-jurisdictional grounds. Where an appeal is dismissed for failure to comply with the rules of court or for other non-jurisdictional grounds, such dismissal has the effect of an affirmance of the judgment of the lower court, and this court in such case has

jurisdiction to render judgment on the supersedeas bond against the sureties on such bond. Brown v. Davis, 59 Okla. 32, 157 Pac. 925.

In the case of Best Producing & Refining Co. v. Fagin, No. 13643, opinion filed December 19, 1922 (pending or rehearing), this court held:

"As the court is without jurisdiction of the appeal, it is powerless to render judgment on the supersedeas bond."

It is contended, however, that this decision is not decisive of the question presented here, it being contended that the appeal in the instant case was not dismissed on a jurisdictional· ground. The appeal in this case was taken from a judgment on the pleadings. A motion for a new trial was filed and overruled, and· notice of appeal was given within ten days from the day motion for a new trial was overruled, and this court, in passing on the motion to dismiss the appeal, held that no motion for new trial was necessary, and under such circumstances it was necessary that notice of appeal be given with ten days after the judgment on the pleadings was rendered. The defendant contends that the appeal was properly lodged in this court and gave this court jurisdiction of the case because an order overruling the motion for a new trial is an appealable order and, if the motion for a new trial was not necessary in the case, the appeal under such circumstances is dismissed, not for want of jurisdiction of the case, but for want of jurisdiction to review the particular matters complained of.

With this contention we cannot agree, because the notice of appeal is a jurisdictional requirement. It takes the place of a summons in error and in order to give this court jurisdiction it must be given in the time and manner prescribed by the statute. In the opinion ·rendered in this case dismissing the appeal it was held that the notice should have been given at the time the judgment was rendered on the pleadings or within ten days thereafter. We are, therefore, of the opinion that this court never acquired jurisdiction of the parties or the case on appeal, and it was, therefore, without jurisdiction to render judgment on the supersedeas bond.

It is, therefore, ordered that the judgment heretofore rendered in this case against H. H. Wilcox and W. A. Porter, sureties on the supersedeas bond, be and the same is hereby vacated and set aside.

JOHNSON, C. J., and KENNAMER, NICHOLSON, BRANSON, and HARRISON, JJ., concur.