W. Elmer STRODE, Plaintiff in Error,

v.

F. W. ABSHIRE, Defendant in Error.

No. 36692.

Supreme Court of Oklahoma.

May 10, 1955.

843

the action of the trial court in allowing plaintiff to reopen the case and submit evidence of payment of taxes on the note as alleged in the petition. The time in which to appeal expired March 18, 1954, three months after the overruling of the motion for new trial. On April 9, 1954, defendant filed a petition for new trial. The court denied the petition and defendant appeals.

A motion to dismiss has been filed for the reason that the appeal is frivolous and without serious merit. The motion must be sustained. Defendant did not contest the amount due on the obligation. He does not deny that the taxes were duly paid on the note but objects only to the method of establishing that fact. The only other issue presented was that the trial judge failed to disqualify because he was prejudiced. Since there was no issue presented there was no ground for prejudice. In Atkinson v. Shaffer, 187 Okl. 262, 102 P.2d 943, it is stated:

"Where a motion to dismiss has been filed on the ground that the appeal is frivolous and for delay only, and on an examination of the record and response to such motion it is disclosed that there is no defense presented on a suit on a promissory note where judgment was rendered for the plaintiff and no contest is presented for this court to determine, the appeal will be dismissed."

See, also, Humphreys v. Liberty National Bank, 180 Okl. 44, 67 P.2d 790.

It appearing defendant has filed a supersedeas bond to stay the judgment upon appeal, upon motion of the plaintiff judgment is hereby entered against the sureties on said bond as therein provided. See Nixon v. General Explosive Co., 89 Okl. 184, 214 P. 911.

Appeal dismissed and judgment rendered upon supersedeas bond.

JOHNSON, C. J., and CORN, DAVISON, HALLEY, BLACKBIRD and JACKSON, JJ., concur.

Charles Dunn, Tulsa, for plaintiff in error.

McNeill & McNeill, Tulsa, for defendant in error.

WILLIAMS, Vice Chief Justice.

On November 3, 1953, the trial court entered a judgment in favor of F. W. Abshire against W. Elmer Strode on a promissory note. The only defense was an objection to