## S. R. STILLMAN v. M. McCONNELL.

1. JUSTICE OF THE PEACE; *Judgment Not Void.* In an action tried before a justice of the peace and a jury, and a verdict found and received by the justice, and the justice fails to render a judgment thereon for five days thereafter, *held*, that said judgment so rendered is not void.

2. JUDGMENT; *Waiver of Irregularity.* Where a justice of the peace renders a judgment on a verdict of a jury five days after the verdict is entered, but in the presence of the parties, and the successful party accepts a modified judgment and remits the excess found by the justice, he thereby waives the irregularity and delay in rendering and entering the judgment.

*Error from Morris District Court.*

AT the April Term, 1885, the plaintiff *McConnell* recovered a judgment for $14.41 against defendant *Stillman,* who brings the case here.    The facts are stated in the opinion.

*E. S. Bertram,* for plaintiff in error.

*J. M. Miller,* and *Morris L. Ritchie,* for defendant in error.

Opinion by CLOGSTON, C.: McConnell, defendant in error, plaintiff below, commenced this action before a justice of the peace; trial with jury, and judgment for defendant Stillman, plaintiff in error.    Trial August 8th, 1884, and verdict rendered, and motion for new trial.    No judgment rendered on the day the verdict was received.    The motion for a new trial was heard by the justice, all the parties present, on August 13th.    Motion was overruled, and thereupon the justice stated

that the amount found by the jury was excessive; whereupon the defendant remitted the excess, and consented to a judgment for twenty-five cents. The justice thereupon rendered his judgment for twenty-five cents and costs. On August 21st the plaintiff filed his appeal bond with the justice, which was on said day approved. At the November term of the district court the defendant filed a motion to dismiss the appeal, for the reason that said appeal was not taken within time. Motion overruled by the court, and excepted to by the defendant. At the April term, 1885, trial and judgment for the plaintiff. The defendant complains of this judgment.

The principal error complained of by plaintiff in error is, that the district court erred in not sustaining the motion to dismiss the appeal. An appeal from the judgment of a justice of the peace must be taken within ten days from the rendition of the judgment, and upon a verdict the justice must immediately render judgment. This is the requirement of the statute, § 115, chapter 81, of the Compiled Laws of 1881, which reads as follows:

"Upon a verdict, the justice must immediately render judgment accordingly. When the trial is by the justice, judgment must be rendered immediately after the close of the trial, if the defendant has been arrested or his property attached. In other cases it must be entered either at the close of the trial, or, if the justice then desires further time to consider, on or by the fourth day thereafter, both days inclusive."

In this case the justice disregarded the direct and plain provisions of this section, and withheld his judgment for five days, when he rendered the judgment. The appeal was taken on the 21st, and within ten days from the rendition of the judgment; but in withholding the judgment the justice erred. Does this error render the judgment void? If it does, then this judgment ought to be reversed. We think that by withholding the judgment the justice did not lose jurisdiction of the case; and not having lost jurisdiction, the withholding of the judgment was erroneous, and the judgment was voidable. Having jurisdiction, the judgment would not be void, and being voidable, might have

1. Justice of the peace; judgment not void.

been corrected by petition in error had it not been waived by the defendant at the time of the rendition of the judgment, which we think was done. The motion for a new trial being overruled, the justice found that the amount of the judgment found and returned by the jury was excessive. The defendant thereupon remitted the excess, and accepted the judgment as modified by the justice. Now can it be claimed that although the justice had committed error in not rendering the judgment immediately after receiving the verdict, yet when he did render the judgment, the defendant present, remits the amount found to be excessive, accepts the judgment, and after the appeal is taken moves to dismiss the appeal for the reason of the error of the justice in not sooner rendering a judgment? Surely not; when the judgment was rendered, the defendant cured all defects in the manner and time of its rendition, so far as he was concerned, by accepting the judgment, and it is too late when appealed from to the district court to object to it. (*Robinson v. Kious,* 4 Ohio St. 593; *Stewart v. Waite,* 19 Kas. 219.)

2. Judgment;
   waiver of
   irregularity.

The plaintiff in error also complains that the district court erred in admitting testimony on the part of the plaintiff, defendant in error, to show the measurement of the wagon-box for the purpose of determining the quantity of corn it would hold in the ear. In this we see no error. The question was as to the quantity of corn received from the plaintiff by the defendant, and any evidence tending to show the amount contained in a wagon-load was material. It is true, the agreement was that one load was to be weighed and the other loads all to be counted the same as the one weighed; but the weight of this load was challenged, and to ascertain the contents of this load, evidence tending to show the amount the wagon would hold in bushels was competent. For this reason we find no error in the judgment of the district court.

It is recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.