J. F. DUNN, J. E. CARROL, M. L. CHILDERS *et al.*, v. N. B. CLAUNCH, J. C. GILLILAND AND M. H. DODSON.

(Filed September 3, 1904.)

1. MOTION FOR NEW TRIAL—Not Necessary When—Motion For Judgment on the Pleadings. Where a motion for judgment on the pleadings is sustained, and judgment rendered in favor of one of the parties, the other may appeal to this court and have the judgment reviewed without filing a motion for a new trial.

2. FORTHCOMING BOND—Unverified General Denial. In an action on a forthcoming bond, an unverified general denial admits the execution of the bond but puts in issue an allegation in the petition to the effect that the property was delivered to the defendant when the bond was approved by the sheriff, and also puts in issue an allegation that the defendant had removed the attached property from the Territory, and failed to surrender it to be sold to satisfy the judgment pursuant to the terms of the bond.

(Syllabus by the Court.)

*Error from the District Court of Greer County; before Frank E. Gillette, Trial Judge.*

*Shartel, Keaton & Wells,* for plaintiff in error.

*Garrett & Garrett,* for defendants in error.

Opinion of the court by

BURWELL, J.: This is an action to recover on a forthcoming bond given in an attachment suit. The plaintiffs recovered judgment and the attachment was sustained, and it is alleged in the petition in this case that when the bond was executed by the defendant and approved by the sheriff, the attached property was delivered to the defendant, J. F. Dunn, who was the attachment debtor, and by him removed to the state of Texas, and that the sheriff to whom

the order of sale was issued returned the same with the endorsement thereon "no property found," and that the defendants have failed to surrender the attached property to answer to the judgment, although due and legal demand was made for the same.

The defendants filed an unverified general denial. Judgment was rendered by the court in favor of the plaintiffs on the pleadings, from which action of the court the makers of the bond appeal; but the appellees contend that this court cannot review the action of the lower court, because no motion for a new trial was filed. No evidence was introduced on the trial and, in our opinion, it was not necessary to file a motion for a new trial. The error, if any, appears from the judgment roll. The trial court evidently had in mind the rule that the execution of a written instrument must be denied under oath, but it also overlooked the fact that, admitting the execution of the bond, the general denial states a good defense, in that it denies that the property was ever delivered to Dunn when the bond was given. It denies that Dunn removed the property out of the Territory, or that he failed to surrender it to answer to the judgment. The defendants were entitled to a trial on the pleadings filed, and the burden was on the plaintiff to establish the necessary allegations of the petition by evidence, except the execution of the bond.

The judgment of the lower court is hereby reversed, and a new trial granted at the cost of the appellees, and the lower court is directed to proceed in conformity with the views herein expressed.

Gillette, J., who presided in the court below, not sitting; all the other Justices concurring.