## MISSOURI, O. & G. RY. CO. v. O'NEAL.

No. 3137.   Opinion Filed November 2, 1915.

Rehearing Denied November 23, 1915.

(152 Pac. 1071.)

**JUSTICES OF THE PEACE—Correction of Transcript—Appeal—Dismissal.** Where a transcript on appeal from a justice court to the county court shows the filing, but not approval, of an appeal bond within ten days after judgment, and the original bond accompanying the transcript does not show the filing or approval by the justice of the peace, and a motion is filed in the county court to dismiss the appeal on account of such defect, and the appellant takes no steps to correct the transcript until almost four months after such motion is filed, and not then until after the motion is sustained, when an application is made to the court for an order on the justice of the peace directing him to file a corrected transcript within twenty days, **held,** that such application to correct the transcript was not timely, and the denial of the

same was not error, and the dismissal of the appeal was not an abuse of discretion sufficient to justify the Supreme Court in reversing such orders.

(Syllabus by Galbraith, C.)

*Error from County Court, Coal County;*
*R. H. Wells, Judge.*

Action by A. J. O'Neal against the Missouri, Oklahoma & Gulf Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*E. R. Jones, J. C. Wilhoit, Alexander New,* and *Arthur Miller,* for plaintiff in error.

*G. T. Ralls,* for defendant in error.

Opinion by GALBRAITH, C. This appeal is prosecuted from the judgment of the trial court dismissing an appeal from a justice of the peace court.

Errors assigned are: (1) That the said court erred in overruling the motion of the plaintiff in error to require the justice of the peace to file an amended transcript; (2) the court erred in sustaining the motion of the defendant in error to dismiss said appeal; (3) the court erred in dismissing said appeal.

It appears that judgment by default was rendered in the justice court on December 15, 1910, and that the transcript on appeal was lodged with the county court on December 23, 1910. Following the recital in the transcript of the justice of the peace of judgment against the plaintiff in error for $50 and costs, there is the following recital:

"Now on this 20th day of December, 1910, comes the Missouri, Oklahoma & Gulf Railway Company, and files its appeal bond, whereupon appeal is taken to the county court of Coal county, Oklahoma.    J. G. VINCENT."

On January 23, 1911, a motion was filed in the county court to dismiss the appeal: (1) For failure "to make and file appeal bond or undertaking with the justice of the peace before whom this cause was tried." (2) That no appeal bond has been filed or approved by the justice of the peace from whom the cause was appealed. (3) For failure of the justice of the peace to make proper certificate of the transcript on appeal. On the 5th day of April, 1911, on hearing the motion to dismiss, the appeal was sustained on the ground that:

"The said appeal bond was not filed and approved by J. G. Vincent, justice of the peace of Ashflat township, Coal county, Okla., as required by law, and that the transcript of said justice of the peace was not in due form."

On the same day the railroad company filed a motion "for an order requiring the justice of the peace rendering the judgment appealed from to file in the county court his amended transcript, according to law, within 20 days from this date." This motion was denied on the same day on the ground, as the court found in its order, that the motion had not been filed in due time, "and was not filed until after said appealed cause had been dismissed; and, further, that the grounds stated in the motion are not well taken." On May 2d, following, a motion was presented and heard, asking the court "to change and correct the journal entry and judgment entered in said cause on April 5, 1911." This motion, after hearing evidence in support and in resistance thereof, was by the court denied. It is the ruling on this last motion that is attempted to be presented by the first assignment of error; but that assignment is not well taken, for the reason that, under the findings of fact made by the court upon the hearing of this motion, the court's ruling was correct, and the finding

made by the trial court in such cases is binding upon this court.

The question presented by the other two assignments is whether or not under the record it was error for the court to dismiss the appeal. If the application had been made within a reasonable time, after the motion to dismiss had been filed, for permission to file a corrected transcript, and the proper showing had been made in support thereof, the court would doubtless have granted such permission, or, if he had refused to do so, such refusal would clearly have been an abuse of discretion that would have justified this court in setting aside the order of dismissal, and ordering the cause reinstated in that court; but, under the facts as disclosed by the record, a different proposition is presented. It appears from the face of the record, at the time the motion to dismiss was filed, that the appeal had not been properly perfected, inasmuch as the transcript did not show that the appeal bond had been approved by the justice of the peace. Section 5467, Rev. Laws 1910, provides that the "appeal shall be complete upon the filing and approval of the undertaking," hence this statute makes the "approval" of the undertaking on appeal as essential as the "filing" within ten days from the date of judgment. The plaintiff in error, instead of using ordinary diligence to correct the apparent defect in the transcript, waited until the 5th day of April, 1911, almost four months after the motion to dismiss had been filed, and then did not present a corrected transcript showing the filing and approval of the appeal bond, but merely asked an order on the justice of the peace directing him to file a corrected transcript, and the record shows that even this application was not made until after the appeal had been dismissed. The ap-

plication for permission to file a corrected transcript was addressed to the sound discretion of the trial court. We cannot say; that the county court abused the discretion vested in it by the law in denying this application, made after this long delay and in the manner this application was presented.

We therefore recommend that the judgment appealed from be affirmed.

By the Court: It is so ordered.