## GOODIN v. JAPP.

No. 19925.   Opinion Filed May 5, 1931.

Rehearing Denied June 9, 1931.

P. G. Fullerton, for plaintiff in error.

Amil H. Japp and S. R. Harper, for defendant in error.

HEFNER, J. This is an action in forcible entry and detainer brought by Carrie Japp against E. Goodin in the justice of the peace court in the city of Lawton.

The case was certified for trial by the justice of the peace to the district court on the ground that title to real estate was involved. The district court, on motion of plaintiff, remanded the cause to the justice court. Upon receipt of the mandate the justice set the case for hearing on May 1, 1927, and so notified counsel.

Defendant failed to appear for trial on that day, and judgment was entered against him. On May 7th he filed a motion to vacate the judgment on the ground that the same was void on its face. This motion was overruled on the 28th day of May, and on the 5th day of June defendant filed an appeal bond appealing the case to the county court. The appeal was dismissed on motion of the plaintiff on the ground that the same was not filed in time, and the case is brought here for review.

Appellant insists that the judgment should be reversed because the judgment rendered in the justice of the peace court is void upon its face. We deem it unnecessary to pass upon this question, as the same is not properly before us. The appeal is from the order of the county court dismissing appellant's appeal. Under section 1010, C. O. S. 1921, defendant was required to file an appeal bond within ten days from date of judgment in order to perfect his appeal. The judgment was rendered May 1, 1928, and the appeal bond was not filed until June 5th, and was therefore filed too late. Defendant's motion to vacate the judgment did not operate to extend the time in which to file the appeal, as there is no authority for filing such motion, and the justice of the peace was without jurisdiction to entertain the same. The justice of the peace had no power to vacate the judgment rendered in its court except as provided by section 1003, C. O. S. 1921. Defendant did not proceed under this section, but proceeded under section 817, C. O. S. 1921, which provides:

"* * * A void judgment may be vacated at any time, on motion of a party, or any person affected thereby."

This section appears in the article giving district courts power to vacate judgments, and has no application to judgments rendered in justice of the peace courts.

Section 818, C. O. S. 1921, limits the applicability of the section to courts of record. A justice court is not a court of record, and was therefore without authority to entertain the motion to vacate. Shaw v. Roland (Kan.) 4 Pac. 146.

If defendant felt aggrieved by the judgment, he had several remedies: First, by direct appeal as provided by sections 1009 and 1010, C. O. S. 1921; second, by petition in error and bill of exceptions as provided by sections 999 and 779, C. O. S. 1921; third, by proceedings to vacate as provided by section 1003, C. O. S. 1921; and fourth, by a proceeding in equity to resist the enforcement of the judgment on the grounds and in the event it is void. He followed neither of these methods. His appeal bond was filed

out of time. The appeal was properly dismissed.

Judgment is affirmed.

RILEY, CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and McNEILL, J., absent.