## BOONE v. OAKMAN.

No. 20176. Opinion Filed July 7, 1931.

John L. Hodge, for plaintiff in error.

R. A. Howard, for defendant in error.

ANDREWS, J. The defendant in error, hereinafter referred to as plaintiff, instituted a suit against the plaintiff in error, hereinafter referred to as defendant, in the district court of Carter county for the recovery of a money judgment for money had and received by the defendant in the sum of $80.25.

The petition alleged that the defendant had theretofore instituted a suit against the plaintiff in the justice court; that he had recovered a judgment therein; that he had caused garnishment summons to issue to the American National Bank of Ardmore against the funds of plaintiff; that pursuant to the order of the justice court, the sum of $80.25 of plaintiff's money had been paid into the justice court; that, by reason of the action of the defendant, the plaintiff had been deprived of his money to the amount of $80.25. It was specifically alleged therein that the entire proceeding in the justice court is void by reason of the fact that no service of summons had ever been made upon the plaintiff, and that the plaintiff had not entered an appearance therein. The answer, among other things, in effect, pleaded that there had been service of summons in the justice court and an entry of an appearance therein by the plaintiff.

The cause was tried to a jury. The jury returned a verdict in favor of the plaintiff; judgment was rendered in accordance therewith, and the defendant appealed to this court.

The defendant presents fourteen specifications of error under three contentions.

Under the provisions of section 1004, C. O. S. 1921, a justice of the peace, in a civil action tried before him without a jury, must render a judgment either at the close of the trial, or, if he desires further time to consider, on or before four days thereafter, both days inclusive. An identical section has been construed by the Supreme Court of Kansas, and that court has repeatedly held that a judgment rendered after that time is not void. Stillman v. McConnell, 36 Kan. 398, 13 Pac. 571. This court is of the opinion that that construction should be given this section, and this court therefore holds that a judgment of a justice of the peace rendered four days after the completion of the trial in a civil action tried without a jury is not void.

Objection was made to the introduction of evidence for the reason assigned in the answer that the suit was a collateral attack upon the judgment. Such an objection no doubt would have been good if the judgment had been valid, but a personal judgment rendered in a justice of the peace court without jurisdiction having been acquired over the person of the defendant is void, and may be attacked at any time. There is a distinction between judgments rendered in a court of record and judgments rendered in a justice court. The distinction is shown by the opinion of this court in Goodin v. Japp, 149 Okla. 271, 300 Pac. 683. Whether or not the justice court had jurisdiction over the person of the plaintiff (defendant in the justice court) was a question of fact to be determined by the trial court in this action. That question and the other issues of fact herein were submitted to a jury. The verdict of the jury was general and to the effect that the justice court had no jurisdiction over the person of the plaintiff, the defendant in that action. The evidence was conflicting, but there is ample evidence to support the verdict of the jury on that issue as well as the other issues submitted. The verdict of the jury cannot be disturbed.

The defendant contends that he was not accorded a fair and impartial trial, and calls attention to numerous statements of the trial court which he says show bias and prejudice against him, and which operated to defeat his right to a fair and impartial trial. Notwithstanding the small amount involved in this cause, we have reviewed the entire record in this cause, and, while the cause was not tried in that manner in which every cause should be tried in a court of record, we do not find anything therein to which objection was made in the trial court, and which is urged here as objectionable, that will warrant this court in reversing the judgment.

For those reasons, the judgment of the trial court is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. HEFNER, J., absent.