## SANDERS v. PROVINE.

No. 22471.   Oct. 16, 1934.

J. J. Smith and Haywood Scott, for plaintiff in error.

Frank Nesbitt, for defendant in error.

PER CURIAM.   The plaintiff brought his action for damages against the defendant, alleging in his petition negligence on the part of the defendant in an automobile collision near Miami, Okla., wherein the plaintiff sustained personal injuries and property damage. The defendant answered by general denial and plea of contributory negligence, and counterclaimed for property damage received in the automobile collision in question. Thereafter the Interstate Grocery Company, a corporation, and Standard Accident Insurance Company, a corporation, filed a petition in intervention, alleging that the plaintiff at the time of the accident was employed by the grocery company, and that the accident arose out of and in the course of his employment within the terms of the Work-

men's Compensation Law of Missouri, said grocery company doing business in Missouri, and the plaintiff working out of his employment in Missouri; and that plaintiff had demanded and accepted compensation and reimbursement for medical expenses under the Workmen's Compensation Law of the state of Missouri; and that under the laws of Missouri the intervener, grocery company, and its intervening insurance company were subrogated to the rights of the plaintiff in any recovery had by him to the extent of the sum paid to him; and prayed that in the event of recovery by plaintiff they receive out of the proceeds of any such judgment said sums so paid by them.

The plaintiff answered this intervening petition by a general denial. Thereafter the defendant, with leave of court, amended his answer, setting up the Workmen's Compensation Law of Missouri and the demand and receipt of money as compensation by the plaintiff from his employer under such law; and alleged that the acceptance of compensation under the laws of Missouri amounted to an election to take as against his employer, resulting in his action against the third person defendant being waived and barred. To this amended answer the plaintiff replied by general denial.

The cause came on for trial on March 3, 1931, the plaintiff and the defendant appearing. After a jury was selected, opening statements were made; and thereupon the plaintiff was called to the witness stand on his own behalf. The defendant then objected to the taking of any testimony for the reason that the pleadings and the opening statements in the case, taken together, failed to show a cause of action in favor of the plaintiff, and showed that the plaintiff had elected to proceed against the insurance carrier of his employer, and that he was estopped from proceeding against the defendant. The court heard argument in the absence of the jury, and during such argument the attorneys for the plaintiff dictated into the record an admission that plaintiff "received and accepted compensation on account of injuries herein sued upon under the laws of the state of Missouri, and let us further admit that in this case the employer has intervened and asked that he be subrogated to the amount of money he has paid out."

Thereupon the trial court indicated that it appeared that the objection should be sustained. Thereupon the attorneys for the

plaintiff asked leave to amend their petition, but the court denied that right. The plaintiff did not reserve an exception.

Thereupon the defendant moved the court to instruct the jury "to return a verdict on the pleadings and upon statements of counsel in favor of the defendant and against the plaintiff and on the admission of counsel into the record."

The court sustained that motion, the plaintiff reserving no exception; and upon the instruction of the court the jury returned a verdict in favor of the defendant, which verdict was received, filed and made of record, the plaintiff reserving no exceptions.

. On March 6, 1931, the plaintiff filed a motion for new trial complaining (1) of the action of the court in sustaining defendant's motion against the introduction of evidence; (2) of the error of the court in holding that the law presented by the defendant was applicable to the case; (3) of the error by the court in holding that the law submitted by the plaintiff was not applicable to the case and preventing the plaintiff from proceeding with the trial; (4) of the error of the court in sustaining defendant's motion for an instructed verdict; and (5) error of the court in giving an instructed verdict to the jury.

Thereafter, on March 19, 1931, the plaintiff asked leave of court to be permitted to amend his motion for new trial to set up as a sixth ground therefor alleged error of the trial court in refusing to permit the plaintiff to amend his pleadings.

Upon a hearing of the motion to amend the motion for new trial, had on March 30, 1931, the trial court refused to permit the motion for new trial to be amended, and plaintiff reserved an exception. Thereupon, on March 30, 1931, the court overruled the motion for new trial, the plaintiff reserving an exception. On that day, March 30, 1931, the plaintiff for the first time gave notice of his intention to appeal, and procured an extension of 60 days within which to make and serve case-made. The defendant at the same time objected to the notice of appeal and to the granting of an extension of time to make and serve a case-made, for the reason that the motion for new trial was neither necessary nor proper, and did not stay the time fixed by statute for the serving of notice of appeal, and that the ten days' period within which notice of appeal had been given had expired. The trial court overruled

that objection, and the defendant reserved an exception.

Thereafter, on April 29, 1931, the plaintiff, appearing by attorneys other than those who had represented him in the trial proceedings, filed in the trial court a motion to set aside the judgment and dismiss plaintiff's action without prejudice. The plaintiff filed an amendment to this motion on May 1, 1931, alleging that the defendant was not entitled to have had his motion for a directed verdict sustained, and that the plaintiff should have been permitted by the court to dismiss his action without prejudice before the submission of said cause to the jury on March 3, 1931. This amended motion was overruled and exception allowed to plaintiff.

We have then an appeal from a judgment of the trial court rendered upon the pleadings, opening statements, and admissions without any issue of fact having been heard. And plaintiff, appearing by attorneys other than those who had represented him in the trial proceedings, appears in this court upon a petition in error, to which is attached a case-made, made, served, signed, and settled within the time afforded by the trial court only under the extension granted on March 30, 1931, and extensions thereto, which petition in error complains of the action of the trial court in sustaining a motion for judgment on the pleadings and in overruling the motion for new trial, as well as for not permitting a dismissal without prejudice some months after final judgment.

1. It is well established in this jurisdiction that a motion for new trial is not necessary or proper where a judgment is rendered on the pleadings; and that error assigned upon the overruling thereof presents nothing to this court for review. Schuber et al. v. McDuffee et al., 67 Okla. 160, 169 P. 642; Mires v. Hogan, 79 Okla. 233, 192 P. 811; Dunn et al. v. Claunch, 15 Okla. 27, 78 P. 388. And that where a judgment is rendered upon an agreed statement of facts, or admissions which eliminate all questions of fact, a motion for new trial is unauthorized by statute, and the time for making and serving a case-made runs from the date of the rendition of the judgment, unaffected by a motion for new trial or the order overruling the same. Durant et al. v. Nesbit et al., 59 Okla. 11, 157 P. 353; School District v. Mackey, 44 Okla. 408, 144 P. 1032; St. L. & S. F. R. R. Co. v. Nelson, 40 Okla. 143, 136 P. 590.

In this case judgment was rendered upon

the pleadings, opening statements, and solemn admission made by the plaintiff. This was on March 3, 1931. It is unnecessary to consider the question of whether or not such action by the trial court was sound. No extension of time within which to make, serve, and settle case-made was asked for or had until the motion for new trial was overruled on March 30, 1931. In the meantime, statutory time for serving notice of appeal and for making, serving, and settling case-made had expired.

It is contended that judgment was not entered on the verdict of the jury until the filing of the journal entry on March 30, 1931; and that therefore the judgment was not actually rendered until March 30, 1931. It is enough to say that at least between the parties to an action, section 427, O. S. 1931, would govern, and that it was the duty of the clerk to enter the judgment immediately upon the return of the verdict by the jury, unless the trial court ordered the cause to be reserved for future argument or consideration. Nothing of that kind was done in this case.

There is nothing for review in this court, and the appeal should be dismissed.

2. The above conclusions make it unnecessary to pass upon the question of the alleged error of the trial court in denying the motion to dismiss plaintiff's cause without prejudice filed after the purported motion for new trial was overruled and long after final judgment had been entered. But we might say that it is elementary that a plaintiff, having had a final judgment rendered against him, is without right in an attempt then to dismiss his cause without prejudice. The statute provides a method to reopen a judgment and vacate a judgment under a proper state of facts. But so long as that judgment remains, parties are bound thereby.

We are of the opinion that the appeal should be dismissed, and it is so ordered.

The Supreme Court acknowledges the aid of Attorneys V. E. McInnis, John W. Hayson, and J. D. Lydick in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of the law and facts was prepared by Mr. McInnis, and appoved by Mr. Hayson and Mr. Lydick, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.