## MILLER & GLASS et al. v. TULSA TRIBUNE CO.

No. 24738.    June 11, 1935.

Rehearing Denied Oct. 8, 1935.

Phil W. Davis, Jr., for plaintiff in error.

Samuel A. Boorstin, for defendant in error.

PER CURIAM. The parties will be referred to as plaintiff and defendant, as in the court below.

On the 22nd day of January, 1932, John H. Miller and Merritt J. Glass, doing business as Miller & Glass, a copartnership, by Merritt J. Glass, executed to Tulsa Tribune Company, a promissory note for $1,439.52, payable in monthly installments, bearing interest at 10 per cent. per annum from maturity. Said note was indorsed across the back "Merritt J. Glass." On July 14, 1932, plaintiff filed suit in the common pleas court of Tulsa county, Okla., upon said note, and on the same day summons was issued for Miller & Glass, John H. Miller, and Merritt J. Glass. On August 3rd, Merritt J. Glass filed motion to make petition more definite and certain, which motion was on the 3rd day of September overruled, exception taken, and defendant given five days to plead or ten to answer. On September 13, 1932, the defendant Merritt J. Glass filed an answer, the same being a general denial, verified. On January 3, 1933, Merritt J. Glass filed his motion for an order directing issuance of summons for John H. Miller for the reason that while summons was issued for him and he was available, he had not been served. On the same day praecipe was filed, summons issued and served the same day. No appearance having been made by John H. Miller, on the 19th day of January, 1933, plaintiff in open court dismissed as to John H. Miller, individually, without prejudice, but not as against John H. Miller in his capacity as a member of the partnership of Miller & Glass. On the same day Miller & Glass and Merritt J. Glass filed their motion for continuance, verified. Later, on the same day, Miller & Glass filed an amended petition, Merritt J. Glass withdrawing the answer theretofore filed by him.

January 20, 1933, defendants' motion for continuance was overruled and defendants permitted to file amended answer without objection or prejudice to trial, and jury was impaneled for trial.

Defendants file motion for judgment on the pleadings and plaintiff also files motion for judgment on the pleadings, and by agreement the case was withdrawn from the jury and jury discharged; and thereupon defendants' motion for judgment on the pleadings was overruled, exception allowed, and plaintiff's motion for judgment on the pleadings was sustained, to which defendants excepted and exception was allowed; and thereupon judgment for plaintiff and against Miller & Glass, a copartnership, and Merritt J. Glass, as an individual, for $1,439.52, with interest on said principal at 10 per cent. from January 22, 1932, and $153.95 attorney's fee, was rendered by the court on the pleadings. To which defendants except and exception allowed. To this judgment no notice of intent to appeal was given at this or any other time; no case-made was ever prepared or served at any time, defendants evidently being of the opinion that in order to appeal it was necessary to file motion for new trial.

January 20, 1933, motion for new trial was filed by Miller & Glass, and on the same day separate motion for new trial filed by Merritt J. Glass.

On February 28, 1933, both motions for new trial were presented, heard and over-

ruled, exceptions granted, notice of intention to appeal given in open court, 30 days allowed in which to make and serve case-made, ten days in which to suggest amendments, to be settled on five days' notice in **writing.**

March 15, 1933, an order and judgment overruling motions for new trial was filed with the clerk.

In this case both sides filed motions for judgment on the pleadings; the motion of the defendants was overruled and the motion of the plaintiff sustained, and judgment rendered in favor of the plaintiff and against the defendants. This was on January 20, 1933. No notice of intention to appeal was given and no extension of time to make, serve and settle case-made was asked for or had. On January 20, 1933, Merritt & Glass and Merritt J. Glass filed separate motions for new trial. No further action was taken on the judgment on the pleadings until the 28th day of February, 1933. In the interim the statutory time for serving notice of appeal and for making, serving and settling case-made had expired.

In the case of Sanders v. Provine, 169 Okla. 203, 36 P. (2d) 855, this court has recently held:

"1. Where judgment is rendered on pleadings and opening statements, motion for new trial is unnecessary, and does not extend time for notice of appeal or making and serving and settling case-made.

"2. Nothing is presented for review in an appeal from a judgment rendered on the pleadings and opening statement on case-made not made, served and signed within the statutory time or within proper extension thereof.

"3. Failure of clerk to enter judgment immediately on return of verdict by jury did not extend time for serving notice of appeal and for making, serving, and settling case-made."

In the case of Revard et al. v. White, 139 Okla. 102, 281 P. 258, the court said:

"The filing and determining of a motion for new trial of a contested question of fact not arising upon the pleadings, but upon a motion, is unnecessary to authorize this court to review an order made on such hearing. * * * And does not extend the time in which to give notice of appeal. * * * Nor does the filing of such unauthorized motion extend the time in which to make and serve a case-made."

This case was tried in the court below on motion of both sides for judgment on the pleadings, which motion of plaintiff was sustained and judgment for the plaintiff rendered on the pleadings. Defendants filed motions for new trial which were overruled, and from this action of the court defendants appealed. No notice of appeal was given at the time judgment on the pleadings was rendered, nor within ten days thereafter, and in fact no notice of appeal from said judgment has ever been given. Defendants, however, filed motions for new trial, and such motions were overruled after the expiration of 20 days from the time judgment on the pleadings was rendered. Such motions performed no function and the overruling of the motion was not error, and therefore presents nothing for review in this court.

In Nixon v. General Explosives Co., 87 Okla. 88, 209 P. 428, this court said:

"It is well settled that, when judgment is rendered on the pleadings, no motion for new trial is necessary, and error assigned because of the overruling thereof presents nothing for review."

The record in this case shows that no notice of appeal was given at the time of judgment nor within ten days thereafter and no case-made was served within ten days thereafter, and no order extending time having been granted, this court is without jurisdiction to hear and determine the purported appeal in this case.

This court, in the case of Hill v. McCleery, 141 Okla. 205, 284 P. 646, says:

"It is the bounden duty of the court to examine into its jurisdiction whether raised by the parties or not and sua sponte to determine its jurisdiction. * * *

"Where parties have failed to give notice of their intention to appeal within time prescribed by law, this court is without jurisdiction to review the order of the trial court from which the appeal is taken."

In the case of Schuber et al. v. McDuffee et al., 67 Okla. 160, 169 P. 642, the court said:

"Where judgment is rendered on the pleadings, a motion for a new trial is neither essential nor proper, and error assigned upon the overruling thereof presents nothing for review in the Supreme Court." Citing Dunn v. Claunch, 15 Okla. 27, 78 P. 388.

The record presenting nothing for review, this court is, therefore, without jurisdiction in the premises, except to dismiss the purported appeal, which is accordingly done.

The Supreme Court acknowledges the aid of Attorneys J. L. Newhouse, John L. Norman, and W. C. Alley in the preparation

of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of the law and facts was prepared by Mr. Newhouse and approved by Mr. Norman and Mr. Alley, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, BUSBY, and CORN, JJ., concur.