## MILLER v. A. & B. FURN. CO.

No. 25756. Sept. 10, 1935.

320

: E. M. Connor, for plaintiff in error.

Woodard & Westhafer, for defendant in error.

RILEY, J. This is an attempt to appeal from a judgment rendered in favor of defendant in error. defendant below, upon the pleadings and open ng statement of plaintiff's counsel to the jury. The judgment was rendered January 10. 1934. No notice of appeal was given on that day or within ten days thereafter, as by law required (section 531, O. S. 1931). It was given on January 27, 1934. This purported appeal was not lodged in the Supreme Court until after the expiration of six months from the date of the judgment (section 547, O. S. 1931) from which an appeal lay.

Plaintiff in error relied upon a motion for new trial. It was overruled January 27, 1934, but the same was unnecessary, and so unauthorized, and it did not serve to extend the time for giving notice of appeal or for filing an appeal in this court.

In Forrest E. Gilmore Co. v. James. Trust ec, et al., 156 Okla. 216, 10 P. (2d) 392, we held in a cause with facts parallel in many respects to the situation here presented:

"Where an appeal is from a judgment rendered on the pleadings, a motion for new trial is unnecessary and the filing thereof does not extend the time in which notice of appeal may be given; and where no notice of appeal is given at the time of the rendition of said judgment or within ten days thereafter as required by section 782, C. O. S. 1921 (531, O. S. 1931), this court acquires no jurisdiction and the appeal will be dismissed."

In Healy v. Davis, 32 Okla. 296, 122 P. 157, we held:

"A motion for new trial is not necessary to enable this court to review the action of the trial court in rendering judgment upon the pleadings."

Also:

"* * * Where the judgment appea'ed from is rendered on the pleadings, the time within which to perfect the appeal commences with the rendition of the judgment and not with the order of the court overruling . the motion for new trial."

In Small v. Rice, 82 Okla. 158, 198 P. 998, this court, speaking through Mr. Justice Kane, pointed out that:

"* * * The record shows that the judgment appealed from was rendered in favor of the defendants upon **the opening statement of counsel** for the plaintiff. * * * Thereafter, the plaintiff filed a motion for new trial, which was subsequently overruled."

It was also stated:

"That a motion for new trial was required to review the action of the trial court in entering judgment upon the opening statement of counsel is not seriously questioned by counsel for plaintiff in error."

And it was held that:

"* * * Where a motion for new trial is unnecessary to present to this court for review an order or judgment appealed from, such motion and decision thereon by the trial court are ineffectual to extend the time within which to perfect an appeal."

The cause was dismissed.

In Landers v. Bank of Commerce, 106 Okla. 59, 233 P. 200, it was held:

"Where a cause is tried upon an agreed statement of all the ultimate facts, leaving for the court the sole question of the application of the law to such ultimate facts, a motion for new trial is unnecessary and unauthorized by statute and does not extend the time within which an appeal must be perfected in the Supreme Court. and the time for perfecting such appeal runs from the date judgment is rendered, and not from the date of the overruling of such unnecessary and unauthorized motion."

Now, an opening statement of counsel, solemnly made, is a statement of facts expected to be proved in the trial. It is based on the pleadings; it has the identical effect of an agreed statement of fact in so far as the party making it is concerned. When the court is called upon to consider the opening statement of fact together with or without the pleadings, and the court finds the same is insufficient in law, admitting the truth of the facts pleaded or stated, to warrant relief, a judgment as a matter of law should be rendered accordingly, for there is no issue of fact from which an appeal lies.

In such cases a new trial in the lower court is immediately unnecessary; in fact, no trial upon an issue of fact has yet been had, for "a" new trial is a re-examination of an issue of fact", which may arise from the pleadings. Butler v. Archard, Gdn., 130 Okla. 241, 266 P. 1106; Minnetonka Oil Co.

v. Cleveland Vitrified Brick Co., 48 Okla. 156, 149 P. 1136; Board of Com'rs v. Porter, 19 Okla. 173, 92 P. 152.

Therefore, concluding that this court is without jurisdiction in the cause sought to be appealed, the cause is dismissed.

McNEILL, C. J., and BUSBY, PHELPS, and GIBSON, JJ., concur.