### MERCER & CO. et al. v. PORT.

No. 25751. Feb. 25, 1936.

Rehearing Denied March 17, 1936.

Application for Leave to File Second Petition for Rehearing Denied April 21, 1936.

C. C. Harris, for plaintiffs in error.

H. J. Mackey, for defendant in error.

PER CURIAM. The defendant in error, F. P. Port, as plaintiff, filed an action in the court of common pleas of Oklahoma county against the plaintiffs in error, Mercer & Company and J. C. Lindsey, as defendants, seeking the recovery of usurious

interest, penalties, and attorneys' fee. Judgment was rendered in favor of the plaintiff, and defendants appeal. The parties will be referred to as they appeared in the court below.

A brief summary of the facts as disclosed by the record follows:

The plaintiff testified that in August, 1932, he borrowed from the defendants $20 for a period of 15 days and paid $2 interest, executing his demand note for $20 carrying 10 per cent. interest. At the expiration of 15 days he paid $2 and executed a new note for $20 and continued each two weeks to pay the $2 interest and execute a new note; that on October 15th he borrowed an additional $5 and paid $2.50 interest for 15 days, at the same time executing his note for $27.50; that on November 15th he paid an additional $2.50 as interest for 15 days and executed a new note for $27.50; that on December 15th, he paid an additional $2.50 interest and executed a new note; that on January 3rd he paid an additional $3.50 and executed a new note; that on March 15th he paid $5 and executed a new note, and on March 31st paid an additional $2 and executed a new note, each and every payment being made as interest. Plaintiff further testified that each time a new note was executed the old note was marked canceled, but at no time did the defendants ever deliver to him any of the canceled notes, and that the last note given was for $27.50, no receipt or other evidence having ever been delivered to him by the defendants. Plaintiff also testified that the collector for the defendants came to him several times after the last payment had been made, demanding payment of the $27.50 note.

Witness for the defendants testified that the original transaction was the loan of $20 and that the matter of interest was not discussed; that plaintiff later borrowed $5 under similar conditions; that plaintiff paid $2 each two weeks from the 1st of September to the 15th of October; later paid $2.50 on November 1st, November 15th, and December 15th; $3.50 on January 3d; $5 on March 15th and March 31st, aggregating $26. Defendants also exhibited a note dated August 15, 1932, for $20, marked canceled and indorsed, with all of the payments aggregating $26. They also exhibited a note dated October 15th for $5, marked canceled, with no payments indorsed. They further testified that all of the payments indorsed on the $20 note were applied on both notes and the indorsements were made on the $20 note for convenience only, and denied ever having made any demand for $27.50 as contended by plaintiff. They also testified that all the records excepting the two notes had been destroyed within a short time after the transaction. Witness did not know of any collector having demanded payment of the $27.50 note and that they did not have authority so to do; that defendants never expected the plaintiff to pay any amount, having accepted the $26 paid by plaintiff as payment of both loans made, and that the entire account had been "charged off."

Defendants' brief submits only two propositions for reversal of the case: (1) The court erred in overruling defendants' demurrer to plaintiff's evidence. (2) As a matter of law all payments made and received should be credited on the principal.

On the first proposition, the record discloses that in spite of a sharp conflict in the evidence on other points, admittedly, usurious interest in some amount was paid and collected. A simple mathematical calculation shows that defendants collected a total of $26 which was credited on a note for $20 and even if it had been intended that these payments should apply on both notes, it would still be usurious. Plaintiff testified that all payments were made as interest and that no part of the $26 was paid or applied on the principal.

On this conflicting evidence it was the province of the jury to pass upon the credibility of the witnesses and the weight and value of their conflicting testimony, and it would have been an error for the trial court to have sustained the demurrer to plaintiff's evidence under the holdings of this court in Allis Chalmers Co. v. Lamb, 174 Okla. 118, 49 P. (2d) 1071.

On the second proposition plaintiff relied upon Vose v. U. S. Cities Corporation, 152 Okla. 295, 7 P. (2d) 132, which cites the case of Cotton v. Thompson, 159 S. W. 455, wherein the Texas court said:

"Each payment made upon a contract affected with usury is a payment upon the principal applied by law, notwithstanding it was paid and received as payment of interest."

Standing alone and without explanation this language would seem to be conclusive on this point. However, a careful study of the questions involved in that case, together with later decisions from the same court, distinguishes that case.

In that case the question arose as to the

right of the defendant to set off the original note, and have applied on the original indebtedness the moneys received. We quote from the body of that opinion the following language:

"It is shown by the pleadings of both parties and by the evidence adduced on the trial that, of the various sums of money borrowed by the plaintiff from the defendant, the plaintiff still owes $50. We think that this sum should have been allowed by the trial court as an offset to the amount plaintiff was entitled to recover. The law is that each payment made upon a contract affected with usury is a payment upon the principal, applied by the law, notwithstanding it was paid and received as payment of interest.' Loan Association v. Biering, 86 Tex. 476, 25 S. W. 622, 26 S. W. 39. The judgment of the court below will be reformed by allowing appellant a credit of $50 upon the amount of the judgment rendered against him, and as so reformed is affirmed."

In the case of Adelson et ux. v. B. F. Dittmar Co., 80 S. W. (2d) 939, the Supreme Court of Texas distinguished and explained former holdings on this point, and announced the rule to be:

"In the first place, it is not entirely accurate to say, since the enactment of the penalty statute in 1892, that payments of interest on a contract affected with usury are by law applied to the principal. The borrower is entitled to have them so applied if he desires it, but he may prefer to sue for penalties under article 5073 on account of such payments. He may within two years from the time the payments were made assert the right to such penalties, even though the principal or a part of it is unpaid, and may offset the penalties against the principal. Rosetti v. Lozano, 96 Tex. 57, 70 S. W. 204; Yonack v. Emery (Tex. Com. App.) 13 S. W. (2d) 667, 70 A. L. R. 684. Of course, he is not entitled to resort to both remedies, that is, the application to the principal and the collection of penalties, on account of the same payments of interest. The usual practice is to claim the right to have interest payments made more than two years before the filing of the suit applied to the principal and to recover penalties for the interest payments made within a two-year period. In such practice one remedy is resorted to as to some payments and the other remedy as to others. When this is done, there is no inconsistency and no election is required. Sugg v. Smith (Tex. Civ. App.) 205 S. W. 363 (application for writ of error refused); Temple Trust Co. v. Stobaugh (Tex. Civ. App.) 59 S. W. (2d) 916. * * *

"Plaintiffs in error's contention is faulty in its assumption that payments of interest become payments of principal because they may be applied to the principal. They are still payments of interest, which may or may not be applied to the principal. They are payments of interest which, if they are applied to the principal, will serve to discharge it in whole or in part. If they were not payments of interest after they were made, then they could not serve as the basis for the recovery of penalties under article 5073. In other words, if the theory is followed, payments of interest made when there is unpaid principal are immediately converted into principal, and since principal has been paid and not interest, no penalties can be recovered on account of such payments. If this were true, Rosetti v. Lozano, supra, and Yonack v. Emery, supra, would be wrong."

See Sugg v. Smith (Tex. Civ. App.) 205 S. W. 363.

This record justifies the conclusion that the whole transaction was a subterfuge with the intention, and for the purpose, of defeating the usury statute. The plaintiff's testimony clearly and definitely established this conclusion, and while the defendant denies some of the material statements of the plaintiff, his whole story is rather unconvincing.

This court, in Dies v. Bank of Commerce of Sapulpa, 100 Okla. 205, 229 P. 474, condemned such transactions, and recently in the case of Majestic Loan Co. v. Edmondson, 172 Okla. 222, 45 P. (2d) 504, quoted the following language from that decision:

"It is the uniform policy of the courts not to permit an act forbidden or penalized by statute to be done either directly or indirectly. This court will not uphold any shift or device by which the lender may receive more than 10 per cent. per annum for the use or forbearance of money."

The instructions given by the court might have gone further and provided that if the plaintiff should recover judgment for double the usury charge, the defendant should be entitled to a set-off equal to the amount due on the note. However, no such instruction was requested and no exception taken to the instruction given.

In this case, mathematical calculations would indicate that the jury attempted to do this very thing, and in rendering judgment for $26 no doubt took into consideration the $25 due on the original loan, and the effect is the same.

After careful examination of the entire record, we find no error therein. Under the

testimony the jury could properly have rendered judgment for the plaintiff in the sum of $52 usurious penalty and have deducted the $25 due and unpaid on the loan, which was in substance done. The judgment is affirmed.

The Supreme Court acknowledges the aid of Attorneys James F. Lawrence, W. F. Semple, and R. E. Morgan in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Lawrence and approved by Mr. Semple and Mr. Morgan, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and WELCH, PHELPS, CORN, and GIBSON, JJ., concur.