## MARYLAND CASUALTY CO. v. COWAN.

No. 28763.   June 20, 1939.

John T. Levergood, for plaintiff in error.

Goode & Goode and Randall Pitman, for defendant in error.

CORN, J. The plaintiff in error, plaintiff below, commenced this action in the municipal court of Shawnee, Okla., for recovery of an alleged balance due on insurance premiums under two policies covering the defendant's liability to his workmen under the Workmen's Compensation Act of this state. Judgment in that court was for the plaintiff, and the defendant gave notice of appeal to the district court and within ten days filed his appeal bond. The judge of said court failed to act upon the bond with reference to approval or disapproval and failed during his tenure in office to certify and transmit the appeal to the district court. After the expiration of his term his successor in office likewise failed or refused to certify and transmit the case to the appellate court until compelled to do so by writ of mandamus issued out of the district court approximately three years after the rendition of the judgment appealed from. The cause then was transmitted to the district court and was tried to the court de novo, but this trial resulted in judgment for defendant.

The plaintiff first contends that the district court was without jurisdiction to try the cause on the theory that the appeal bond was insufficient as to statutory requirements and was therefore void, and that the filing of a valid appeal bond within ten days from the rendition of the judgment appealed from was necessary to confer jurisdiction upon the district court to try the appeal. On the contrary, the defendant contends that the bond was sufficient and that the failure or refusal of the municipal judge to approve the bond and transmit the appeal constituted arbitrary conduct against which a mandamus action would lie to compel the municipal court to transmit the case to the district court.

The filing of an appeal bond within ten days is jurisdictional, and when this requirement of the statute is not met by the appellant the appellate court never acquires jurisdiction. Washburn v. Delaney, 30 Okla. 789, 120 P. 620; Price v. Price, 73 Okla. 178, 175 P. 343; W. T. Vowell v. Taylor, 8 Okla. 625, 58 P. 944; Brickner v. Sporleder, 3 Okla. 561, 41 P. 726; Goodin v. Japp, 149 Okla. 271, 300 P. 683; and Missouri, O. & G. Ry. Co. v. O'Neal, 52 Okla. 527, 152 P. 1071. But as to the sufficiency of the undertaking, section 1020, O. S. 1931, provides as follows:

"In proceedings on appeal, when the surety in the undertaking shall be insufficient, or such undertaking may be insufficient in form or amount, it shall be lawful for the court, on motion, to order a change or renewal of such undertaking, and direct that the same be certified to the justice from whose judgment the appeal was taken, or that it be filed in said court."

The procedure for appeal from the municipal court of Shawnee is the same as the procedure provided by the statute for justices of the peace. Section 6546, O. S. 1931.

We find no deficiency in the undertaking filed in this case that could not have been cured, on motion of any interested party, under the foregoing section of the statute.

This brings us to the merits of the case. The evidence shows that the plaintiff never

received the premiums sued for, but it also shows that the defendant had paid all premiums due to the local agent of the plaintiff, and upon this evidence the district court rendered judgment for the defendant.

Under the oft-repeated rule that the evidence is sufficient to sustain a judgment if there is any evidence whatever reasonably tending to prove, either directly or indirectly, or by permissible inference, the essential facts, the judgment of the trial court should be, and is, affirmed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, GIBSON, HURST, and DANNER, JJ., concur. OSBORN and DAVISON, JJ., absent.