DeBOSE et al. v. BARKER.

No. 35102.    June 19, 1951.

*232 P. 2d 925.*

A. C. Elliott, Tulsa, for plaintiffs in error.

Norman Barker, Tulsa, pro se.

DAVISON, J. Norman Barker, as plaintiff, filed this action in the court of common pleas of Tulsa county, Oklahoma, against Oscar DeBose and Chunk DeBose, defendants, seeking a money judgment and foreclosure of a lien. The defendants denied generally the allegations of the petition and alleged an affirmative defense of failure of consideration. On December 15, 1950, after the opening statement of counsel, the trial court rendered judgment for plaintiff on the pleadings and the opening statement of counsel. Thereafter, defendants filed motion for new trial which was overruled on December 29, 1950, at which time said defendants gave notice in open court of intention to appeal. No other notice was given. This appeal is from the last mentioned order.

The plaintiff has filed a motion to dismiss on the ground that notice of intention to appeal was not given within 10 days after December 15, 1950, the date of the judgment, and that, since the filing and determination of the motion for new trial did not extend the time for perfecting the appeal, this court is without jurisdiction of the appeal. The motion to dismiss must be sustained.

This identical situation obtained in the case of Keas v. Keas, 203 Okla. 264, 220 P. 2d 462, wherein this court, in following the rule established in this jurisdiction by legislative enactment, used the following language:

"In Miller & Glass et al. v. Tulsa Tribune Co., 174 Okla. 80, 49 P. 2d 726, it is stated:

" 'Where a judgment on the pleadings is rendered, the party aggrieved thereby, desiring to appeal, must appeal from that judgment and give notice in open court either at the time or within ten days thereafter of his intention to appeal to the Supreme Court, as provided by section 531, O.S. 1931 (12 O.S. 1941 §954), and where he fails to give such notice within such time, this court is without jurisdiction to review the judgment of the trial court.'

"To the same effect see Baxter v. Nix, 176 Okla. 589, 56 P. 2d 818; Rorem et al. v. Bodine et al., 178 Okla. 235, 62 P. 2d 630; and Miller v. A. & B. Furniture Co., 173 Okla. 319, 48 P. 2d 1032."

That rule is here applicable and the appeal is dismissed.

ARNOLD, C. J., LUTTRELL, V. C. J., and CORN, GIBSON, HALLEY, JOHNSON, and O'NEAL, JJ., concur.