MONTGOMERY et al. v. SWARTS.

No. 34220. Sept. 18, 1951.

*235 P. 2d 939.*

Bill Montgomery, Idabel, for plaintiffs in error.

Geo. T. Arnett, Idabel, for defendant in error.

DAVISON, J. W. H. Montgomery and Francis T. Murphy, as plaintiffs, brought this action in the district court of McCurtain county to quiet title to, and recover possession of, 80 acres of land in said county, as against the title under tax deed of Lee Swarts, the defendant. The parties will be referred to as they appeared in the trial court.

On November 22, 1948, the plaintiffs, as alleged record title owners of the real estate involved, filed their petition wherein they alleged that the resale tax deed, under which the defendant claimed title, was void under the holding in the case of Sires v. Parriott, 106 Okla. 244, 233 P. 748, because it did not disclose the amount of taxes against said lands which were due and were canceled by the issuance of said deed, and for the further reason that it did not disclose the amount for which the land was bid in at the tax sale.

After plaintiffs had made a tender of taxes, penalties and costs for which said land was liable and after defendant's demurrer was overruled, the defendant, on February 21, 1949, filed answer which contained a general denial, a restatement of the demurrer, a plea of the statute of limitations, an admission of possession for more than 5 years, a plea of champerty and an allegation of estoppel. Plaintiffs filed a motion for judgment on the pleadings, and on April 1, 1949, judgment on the pleadings was rendered for defendant, quieting his title to said real estate and permitting plaintiffs to withdraw their tender and authorizing the clerk to refund the same. Plaintiffs took no exception to this judgment nor did they give notice of intention to appeal to this court. The following day, they filed a motion for new trial. On April 8, 1949, journal entry of said judgment was filed. On April 26, 1949, plaintiffs filed a motion to correct the journal entry to show that plaintiffs were permitted to withdraw their deposit of the money tendered but did not withdraw their tender. And, further, that the journal entry should not show that defendant's title was quieted because such relief was outside the issues as framed by the pleadings. On May 13, 1949, the motion to correct journal entry was sustained as to the matter of tender and overruled as to the quieting of title. On the same date, the motion for new trial was overruled. At that time the plaintiffs first gave notice of intention to appeal. Subsequently, petition in error with case-made attached was filed in this court as were the briefs of the parties.

Defendant has filed motion to dismiss the appeal for the reason that judgment was rendered on April 1, 1949, and no notice of appeal therefrom was given until May 13, 1949, more than ten days thereafter. The position is well taken. This case presents almost the identical situation as that in the case of DeBose, v. Barker, 204 Okla. 607, 232 P. 2d 925, recently before this court. Therein, the following was quoted from the former case of Keas v. Keas, 203 Okla. 264, 220 P. 2d 462:

"In Miller & Glass v. Tulsa Tribune Co., 174 Okla. 80, 49 P. 2d 726, it is stated:

" 'Where a judgment on the pleadings is rendered, the party aggrieved thereby, desiring to appeal, must appeal from that judgment and give notice in open court either at the time or within ten days thereafter of his intention to appeal to the Supreme Court, as provided by section 531, O. S. 1931 (12 O. S. 1941 §954), and where he fails to give such notice within such time, this court is without jurisdiction to review the judgment of the trial court.'

"To the same effect see Baxter v. Nix, 176 Okla. 589, 56 P. 2d 818; Rorem v. Bodine, 178 Okla. 235, 62 P. 2d 630; and Miller v. A. & B. Furniture Co., 173 Okla. 319, 48 P. 2d 1032."

The instant case is squarely within the purview of that rule.

The appeal is dismissed.

WELCH, CORN, GIBSON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.

