## CALLANDER et al. v. HOPKINS.

No. 11833—Opinion Filed Jan. 15, 1923.

1. **Appeal and Error—Notice of Appeal — Statute.**

The word "judgment" in section 782, Comp. Stat. 1921, providing for notice of intention to appeal is broad enough to include all orders mentioned in section 780, Comp. Stat. 1921, and subject to review on appeal by transcript or case-made.

2. **Same—Time for Notice.**

The notice of intention to appeal must be given at the time the judgment is rendered or within ten days thereafter if motion for new trial is unnecessary, and in case motion for new trial is necessary, then at the time the said motion is passed on or within ten days thereafter.

3. **Same—Record—Review.**

The notice must be made of record as by law provided, and the same is reviewable on appeal either by transcript or case-made.

4. **Same—Necessity for Notice—Waiver.**

The notice of intention to appeal takes the place of summons in error and is jurisdictional and cannot be waived except by waiver in writing signed by defendant or his attorney of record and filed in this court within the six months allowed for taking the appeal.

5. **Same—Notice Jurisdictional.**

Record examined, and held, this court is without jurisdiction to consider the merits of the cause on appeal for the reason no proper notice of appeal was given as provided for in section 782, Comp. Stat. 1921, and no waiver has been filed within six months from date of order overruling motion for new trial.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Logan County; Arthur R. Swank, Judge.

Action by J. A. Callander and A. J. Twerell against E. E. Hopkins. Judgment for defendant, and plaintiffs appeal. Appeal dismissed.

Fred W. Green, for plaintiffs in error.

H. M. Adams, for defendant in error.

Opinion by THREADGILL, C. On January 28, 1920, plaintiffs in error, herein called plaintiffs, brought suit against defendant in error, herein called defendant, to quiet title in lots A and one (1) in block 16, subdivision of city of Guthrie, known as East Guthrie. On June 21, 1920, the issues were tried to the court and resulted in a judgment in favor of the defendant. At the time the judgment was rendered the plaintiffs gave notice of appeal to the Supreme Court, which notice was ordered entered upon the trial docket and was duly entered thereon. On June 22, 1920, the plaintiffs filed a motion for new trial, and on June 26, 1920, they filed written notice of intention to appeal, and, thereafter, on June 28, 1920, the court made an order overruling the motion for new trial and the plaintiffs saved their exceptions and an extension of time was granted for preparing and serving and settling case-made, and without any notice of the appeal being given at the time or after the order overruling motion for new trial was made, and the cause is brought here by petition in error and case-made for review.

1. The first question for our consideration is the question of jurisdiction raised by defendant in his brief on the ground that no sufficient notice of intention to appeal was given. This brings us to the consideration of section 782, Comp. Stat. 1921, which provides how appeals may be taken and the notice to be given, which is as follows:

"The proceeding to obtain such reversal, vacation or modification shall be by petition in error in the Supreme Court setting forth

the error complained of; but no summons in error shall be required, and the party desiring to appeal shall give notice in open court, either at the time the judgment is rendered, or within 10 days thereafter, of his intentions to appeal to the Supreme Court. If said judgment shall be rendered within less than ten days of the expiration of any term of the court from which an appeal is to be taken such notice may be given within ten days after the rendition of such judgment and such notice of an intention to appeal shall be entered by the clerk of the court on the trial docket of said court. Upon the giving of such notice and entering the same on the trial docket, all parties of the record in the court from which such an appeal shall be taken, become parties to the appeal in the Supreme Court, and no further notice shall be required to be served upon them of such an appeal, and no appeal shall be dismissed by the appellate court of this state because any party in the court below is not made a party to the appeal by such notice above provided and showing intention to appeal shall automatically make all parties of record in the lower court parties in the appellate court."

This was the act of March 23, 1917, and was for the purpose of dispensing with the summons in error provided for in section 5823, Rev. Laws, 1910, and it had the effect of reducing the petition in error from an original pleading and assignment of errors to "nothing more or less than the ordinary assignment of errors," Mires v. Hogan, 79 Okla. 233, 192 Pac. 811. The notice provided in the amendment is for the purpose of obtaining jurisdiction of the person in the proceedings in error. Haslet et al. v. Pan-American Refining Co., 91 Okla. 910, 216 Pac. 432.

The notice must be given "either at the time the judgment is rendered or within ten days thereafter of his intentions to appeal to the Supreme Court."

2. The word "judgment," from which time is computed, is broad enough to include all orders mentioned in section 780, Comp. Stat. 1921, and subject to review on appeal to the Supreme Court either by transcript or case-made. If the errors complained of raise only questions of law, then a motion for new trial is unnecessary. (Clapper et al. v. Putnam Co. et al 70 Oklahoma, 158 Pac. 297), except, perhaps, a ruling on the demurrer to the evidence (Planters Ins. Co. v. Rose, 27 Okla. 530, 112 Pac. 966; Tyler v. Tyler, 44 Okla. 411, 144 Pac. 1023), and the notice of intention to appeal must be given at the time or within ten days after rendition of judgment or order; but if the errors complained of raise questions

of fact then a motion for new trial is necessary since it is the purpose of the motion to procure a re-examination of the issue of fact in the same court, and the notice of intention to appeal should be given at the time or within ten days after the ruling of the court on the motion.

3. The notice must be made of record as by law provided, and it thereby becomes a part of the judgment roll or record proper, and may be reviewed on appeal either by transcript or case-made. This construction harmonizes the two sections of the statute and makes it clear when the said notice should be given.

4. In the case at bar questions of fact as well as of law were at issue, and a motion for new trial was necessary and the plaintiffs filed such motion and gave notice of intention to appeal before the motion was passed on by the court and gave none after motion was passed on. This was premature and rendered the notice of appeal a nullity. It would be like serving a summons before the petition was filed in a cause of action or serving a summons in error before filing the petition in error. No jurisdiction of the person would be obtained.

The defendant contends that the appeal should be dismissed on this ground, and this contention is well founded unless the notice has been waived on the part of the defendant in the cause on appeal.

The record shows that the defendant joined the plaintiffs in a certificate as to the correctness of the case-made, accepted service of case-made, waived notice and time of settlement, waived amendments, and filed an answer brief containing objection to jurisdiction in the cause on appeal.

These facts were held, in the case of Haslet et al. v. Pan American Refining Company, 91 Okla. 910, 216 Pac. 432, sufficient to waive the notice of appeal provided for in the above section of the statute. The writer in that case followed the principle stated in Hill v. Hill et al., 49 Okla. 424, 152 Pac. 1122, and the reasoning by analogy that the summons in error was for the purpose of acquiring jurisdiction of the person of defendant in error on appeal like a summons in acquiring jurisdiction of the person in commencing the original action, and could be waived by acts of appearance in the same way. The opinion in the Haslet Case was approved by this court and entered of record and the same writer in preparing the opinion in this case, followed the Haslet Case and wrote the opinion overruling the objection to the jurisdiction and considered the case on the merits in an opinion of considerable length, but the court

on further consideration of the question of waiving the jurisdiction in this court where the statutory notice was not given in the trial court concluded that the acts above mentioned were not sufficient to waive the question of jurisdiction, and held that the only waiver, that would be recognized by this court in such case is a waiver in writing signed by the proper party and filed here within the six months allowed for taking the appeal, and this opinion is rewritten in conformity with this holding and the case of Haslet et al. v. Pan American Refining Company, supra, is overruled.

For the foregoing reasons the appeal is dismissed for lack of jurisdiction.

By the Court: It is so ordered.