## CAMERON et al. v. CAMERON et al.

No. 12027—Opinion Filed Nov. 20, 1923.

(Syllabus.)

**Trusts—Voluntary Trust — Completion of Transaction—Delivery.**

A voluntary trust is an equitable gift, and in order to be enforceable by the beneficiaries must be complete. Whenever the donor undertakes to divest himself of the entire ownership, either by direct transfer to the donee, or by conveyance to a trustee to hold for the donee's benefit, the transaction will not be complete unless there is an actual delivery of the thing given or of the instrument by which the donor signified his intention of parting with the control over it.

Error from Superior Court, Muskogee County; Guy F. Nelson, Judge.

Action by Mary Cameron and others against Florence Cameron and others. Judgment for defendant named, and plaintiffs bring error. Affirmed.

P. J. Carey, for plaintiffs in error.

Neff & Neff and Harry G. Davis, for defendants in error.

COCHRAN, J. This action was commenced by the plaintiffs in error against the defendants in error for the purpose of enforcing a trust agreement. Judgment was rendered on the pleadings in favor of the defendant in error Florence K. Cameron, from which the plaintiffs in error have appealed. The parties will be referred to herein as plaintiffs and defendants, as they appeared in the trial court.

A. A. Cameron and Florence K. Cameron were husband and wife, and, on the 27th day of July, 1918, entered into a separation agreement, under the terms of which Florence K. Cameron agreed to execute a trust agreement in favor of Mary Cameron, Wayne Cameron, Paul Cameron, and Robert Cameron, children of Florence K. Cameron and A. A. Cameron, and agreed to designate the First National Bank of Muskogee, Okla., as trustee and to convey to it certain property, to be held by it in trust for the children, in accordance with the provisions of the trust agreement which was to be executed. The trust agreement was executed by Florence K. Cameron, but was never delivered to the First National Bank of Muskogee, Okla., nor did it agree to act as trustee, and the property which Florence K. Cameron had agreed with her husband should be conveyed in trust to the children was never transferred or conveyed either to the beneficiaries under the trust agreement or to the First National Bank of Muskogee, Okla., as trustee. Later a suit for divorce and division of property was filed by Florence K. Cameron against A. A. Cameron, and a judgment entered on December 23, 1918, in which Florence K. Cameron was granted a divorce and the separation contract executed between A. A. Cameron and

Florence K. Cameron in July, 1918, was set aside and a division of the property made by the court. Thereafter this suit was filed by the plaintiffs to enforce the trust agreement which was executed by Florence K. Cameron and which was still incomplete at the time the property was disposed of by the district court in the divorce case. We are of the opinion that the trial court very properly sustained a motion for judgment upon the pleadings, as the trust agreement was incomplete and imperfect and the plaintiffs never acquired any right which was capable of enforcement. A voluntary trust is an equitable gift, and like a legal gift inter vivos, must be complete, and delivery is essential to the consummation of the gift, and whenever the donor undertakes to divest himself of the entire ownership, either by direct transfer to the donee or by conveyance to trustees to hold for the donee's benefit, the transaction will not be complete unless there is an actual delivery of the thing given or of the instrument by which the donor signified his intention of parting with the control over it. For authorities sustaining the above proposition and a full discussion thereof, see the note to Williamson v. Yager (Ky.) 34 Am. St. Rep. 184.

In the instant case. the property which Florence K. Cameron had agreed with A. A. Cameron should be conveyed in trust for the plaintiffs was never delivered to the trustee or to the beneficiaries under the trust agreement, neither was the trust agreement delivered to the beneficiaries or to any one else as the completed act of Florence K. Cameron, and, in these circumstances, the trust was not executed, but was incomplete, and the plaintiffs have no enforceable rights in the property.

The plaintiffs contend, further, that the trial court erred in rendering judgment in favor of Florence K. Cameron for affirmative relief, since the answer filed by Florence K. Cameron asked for no affirmative relief. The Commercial National bank of Muskogee and G. T. Thompson were also defendants in the action and alleged that they had certain property in their possession and asked that the court render judgment ordering them to deliver the property to the person entitled to the same, and it was not only proper for the court to make an order disposing of the property, but it was the duty of the court to make a complete disposition of the cause according to the issues made in the pleadings of the various parties.

It is our opinion that the judgment of the trial court should be affirmed. and it

is so ordered.

McNEILL, V. C. J., and NICHOLSON, HARRISON, and MASON, JJ., concur.