### OLIVER v. KELLY et al.

No. 17856. Opinion Filed Jan. 31, 1928.

(Syllabus.)

1. **Appeal and Error—Appeal by Transcript —Review of Errors Disclosed by Judgment Roll.**

A certified transcript of the record in the court below with petition in error constitutes a sufficient record upon which this court may consider errors disclosed by the judgment roll. Mires v. Hogan, 79 Okla. 233, 192 Pac. 811.

2. **Appeal and Error—Failure to Give Statutory Notice of Appeal—Dismissal.**

Where a party desiring to appeal fails to give notice in open court, either at the time the judgment is rendered, or within ten days thereafter, of his intention to appeal to the Supreme Court, this court acquires no jurisdiction and the appeal will be dismissed. Patterson v. Townley Metal & Hardware Co., 83 Okla. 54, 200 Pac. 852.

3. **Same—Jurisdiction not Conferred by Appearance of Defendant in Error After Time for Appeal.**

Jurisdiction is not conferred upon this court by a general appearance of the defendants in error, made after the time for filing an appeal has expired.

Error from District Court, Alfalfa County: Charles Swindall, Judge.

Action between Rachel Oliver and Lucile Kelly et al. From the judgment, the former brings error. Dismissed.

Guy D. Talbot, John J. Carney, and Joseph Otti, for plaintiff in error.

E. C. Wilcox and J. Howard Wilcox, for defendants in error.

HEFNER, J. This is an appeal from the district court of Alfalfa county. The defendants in error present a motion to dismiss the appeal because the case-made fails to show that the signature of the judge was attested by the court clerk.

An examination of the certificate of the trial judge discloses that his signature is not attested by the court clerk; neither is the seal of the court attached. The assignments of error, however, are such as can be reviewed upon transcript, and the record before us is duly certified to by the court clerk as such, and, on this ground, the motion will not be sustained. See Mires v. Hogan, 79 Okla. 233, 192 Pac. 811.

In our examination of the motion to dismiss, we find that the judgment herein appealed from was rendered by the trial court on the 8th day of April, 1926. No notice of appeal was given at the time of the rendition of the judgment nor thereafter until the 19th day of April, 1926. On this date there was filed in the office of the clerk of the trial court notice of appeal signed by the attorney who at that time represented the plaintiff in error.

Section 782, C. O. S. 1921, provides the manner and time of giving notice of appeal. The notice shall be given in open court, at the time the judgment is rendered, or within ten days thereafter. This provision of the statute is mandatory, and where it is not complied with, this court acquires no jurisdiction of the appeal.

In the case of Patterson v. Townley Metal & Hardware Co., 83 Okla. 54, 200 Pac. 852, this court said:

"Where a party desiring to appeal fails to give notice in open court, either at the time the judgment is rendered, or within ten days thereafter, of his intention to appeal to the Supreme Court, this court is without jurisdiction and the appeal will be dismissed."

The record discloses that on February 10,

1927, the defendants in error appeared in this court and prayed for permission to withdraw the case-made for correction. The petition in error was filed in this court on the 8th day of October, 1926, the last day on which the plaintiff in error had to perfect the appeal. The appearance of the defendants in error did not occur until after the time for perfecting the appeal had expired, and, under the rule announced in the case of In re Comb's Estate, 62 Okla. 33, 161 Pac. 801, jurisdiction was not conferred upon this court by such an appearance. The rule there announced is as follows:

"Jurisdiction is not conferred upon this court by a general appearance of the sole defendant in error, made after the time for filing an appeal has expired."

Notice of appeal required by section 782, supra, is in lieu of summons in error, and without proper notice of appeal and within the time required by the statute, this court does not acquire jurisdiction to review the questions presented by such an appeal. The notice of appeal not having been given within the time prescribed by the statute, the appeal must be, and is hereby, dismissed.

BRANSON, C. J., MASON, V. C. J., and PHELPS, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 4 C. J. p. 177, §1786; 2 R. C. L. p. 151; 1 R. C. L. Supp. p. 415. (2) 3 C. J. p. 1232, §1336; 2 R. C. L. p. 111; 1 R. C. L. Supp. p. 401. (3) 3 C. J. p. 1241, §1345.