## KERSHAW, Rec., v. BOARD OF COM'RS OF MUSKOGEE COUNTY et al.

No. 18781. Opinion Filed March 12, 1929.

Ferd. P. Snider, for plaintiff in error.

S. H. Lattimore, Co. Atty., for Board of County Commissioners.

PER CURIAM. This is an appeal from the judgment of the district court of Muskogee county rendered on the 29th day of June, 1927, in an action wherein the plaintiff in error was plaintiff and the defendants in error were defendants.

The petition in error, with what purports to be a transcript attached thereto, was filed in this court September 27, 1927. No attempt is made in this cause to preserve the record of the trial court by case-made, nor can the purported record be considered as such; although it was duly served upon the attorney for the board of county commissioners of Muskogee county and upon the attorney for the remaining defendants, yet it was never settled, certified to, and signed by the trial judge as a case-made. The purported record presented is certified to by the court clerk as a full, true, and complete transcript of the record in said cause, and incorporated therein is a recital of the proceedings of the trial court setting forth therein the petition filed by the plaintiff in said cause, to which the board of county commissioners of Muskogee county filed a demurrer, which demurrer was on the 30th day of March, 1927, sustained by the court, and to which action

of the court the plaintiff excepted. The cause then was tried to the court as to the remaining defendants, and taken under advisement, and judgment rendered on the 29th day of June, 1927, in favor of the plaintiff as against the remaining defendants. The purported record further shows on June 30, 1927, the plaintiff filed a motion for new trial in which is incorporated his complaint of the action of the trial court in sustaining the demurrer of the board of county commissioners to the plaintiff's petition, which motion was by the court overruled on the 22nd day of September, 1927. The plaintiff then gave notice of appeal in open court. The recital of the proceedings of the court as above set forth is signed by the trial judge, and might be considered as a bill of exceptions, and had the plaintiff in error caused the same to be filed by the clerk, could properly be incorporated in the transcript. It was not so filed.

A bill of exceptions never becomes a part of the record until it is filed in the trial court, and unless filed in that court, it cannot be incorporated in the transcript in support of a petition in error in this court. Vann v. Union Central Life Ins. Co, 79 Okla. 17, 191 Pac. 175. A party desiring to appeal may attach to his petition in error a transcript of the record, and if he desires to bring to this court any part of the record other than the pleadings, process, the return, report, verdict, orders, and judgments, as provided in section 688, C. O. S. 1921, he must incorporate the same into the record by a bill of exceptions. Vann v. Union Central Life Ins. Co., supra. A motion for new trial and an order overruling the same are no part of the record of the trial court which can be brought to this court by transcript. Folsom v. Billy, 78 Okla. 146, 189 Pac. 188; Davis v. De Geer, 91 Okla. 112, 216 Pac. 157; Brigham v. Davis et al., 126 Okla. 90, 258 Pac. 740.

The action of the trial court in sustaining the demurrer to the plaintiff's petition, therefore, is not brought forward and presented by proper record that we may consider the same except on the judgment roll as presented by transcript. The order of the court in overruling the demurrer and judgment dismissing plaintiff's cause of action of March 30, 1927, became final on that day and can be presented for review on transcript, but to enable this court to review such order and judgment the party appealing must take necessary steps to give the court jurisdiction; one of which is to give notice of appeal in open court at the time the judgment complained of is rendered or within 10 days thereafter. In this case no notice of appeal was given at the time the court sustained the demurrer and dismissed the cause of action. The statute requiring notice of appeal, section 782, C. O. S. 1921, is mandatory, and unless the provisions thereof are complied with, this court does not acquire jurisdiction over the parties to the action. Oliver v. Kelly, 129 Okla. 121, 263 Pac. 649; Hensley v. State, 121 Okla. 47, 247 Pac. 376. The notice of appeal given on September 26, 1927, was therefore not given within 10 days after the rendition of the order and judgment brought here for review.

The plaintiff in error urges that the acknowledgment of service of the transcript of September 26, 1927, and the acknowledgment of service of the brief of December 6, 1927, are notice to the board of county commissioners. Notice of appeal cannot be dispensed with except by waiver in writing signed by defendant or his attorney of record and filed in this court within the six months allowed for taking appeals, and acknowledgment of the service of the transcript and the brief in this cause are not a waiver of such notice. Callander v. Hopkins, 97 Okla. 41, 222 Pac. 672. The plaintiff in error further urges that section 782, supra, does not abolish summons in error, and that by having caused summons in error to issue out of this court and to be served upon the board of county commissioners of Muskogee county is due notice of his intention to appeal. The provisions of section 5238, Rev. Laws 1910, providing for issue and service of summons in error, was repealed by the Act of the Legislature, chapter 219, Session Laws 1917, and there now remains no provision of law for the issue and service of summons in error. Patterson v. Townley Metal & Hardware Co., 83 Okla. 54, 200 Pac. 852. No notice of appeal having been given as required by law, this court does not have jurisdiction over the board of county commissioners of Muskogee county, and the appeal is dismissed.