## CHASE et al. v. BYRNES.

No. 21491. Opinion Filed Dec. 9, 1930.

Rehearing Denied Jan. 12, 1931.

E. G. Wilson, F. C. Swindell, W. A. Chase, and C. F. Gowdy, for plaintiffs in error.

Christy Russell and D. Clayton Arnold, for defendant in error.

PER CURIAM. This is an appeal from the judgment of the district court of Tulsa county rendered on the 28th day of February, 1930, in an action wherein the plaintiffs in error were defendants.

A trial was had on the issues of fact joined by the pleadings and judgment rendered for the plaintiff in the action, from which the defendants appeal. The record attached to the petition in error was prepared as a case-made, but was never settled and signed by the trial judge as such, but within the bound volume presented and attached to the petition in error is a complete copy of the judgment roll duly certified by the court clerk as a transcript. An examination of the transcript does not disclose any notice of appeal was given at the time, or within 10 days after, the judgment was rendered, and the defendant in error has filed in this court a motion to dismiss the appeal upon the grounds that this court is without jurisdiction to review the judgment rendered in the trial court, from which the appeal is taken, for the reason no notice of appeal was given within the time allowed by law.

Section 782, C. O. S. 1921, requires notice of appeal to be given at the time, or within 10 days after, the judgment or order appealed from is rendered. This court has held the giving of such notice within time specified in said section is mandatory, and where such notice is not given, this court is without jurisdiction to review the judgment or order appealed from. Kershaw v. Board of County Commissioners, 135 Okla. 302, 275 Pac. 621; Oliver v. Kelly, 129 Okla. 121, 263 Pac. 649. Plaintiffs in error in their response contend that a motion for new trial was necessary in this case and notice of appeal given prior to the overruling of the motion for new trial would have been premature under the rule announced by this court in the case of Callander v. Hopkins, 97 Okla. 41, 222 Pac. 672; Cameron v. Cameron, 96 Okla. 98, 220 Pac. 889. This contention would be correct if the record of the proceedings upon the trial of the cause, the motion for new trial, and the overruling of the same were presented by bill of exceptions or case-made, but where the record is presented by transcript, the proceedings upon the trial of the cause, the motion for new trial, and the order overruling the same are not brought before the court for review unless properly incorporated therein by bill of exceptions. Brigham v. Davis, 126 Okla. 90, 258 Pac. 740; Davis v. DeGeer, 91 Okla. 111, 216 Pac. 156; Kershaw v. Board of County

Commissioners, supra. In the case last cited this court announced the following rules:

"A party desiring to appeal may attach to his petition in error a transcript of the record, and if he desires to bring to this court any part of the proceedings other than the record as provided in section 688, C. O. S. 1921, he must incorporate the same into the record by bill of exceptions.

"A motion for new trial and an order overruling the same are no part of the record of the trial court which can be brought to this court by transcript.

"Where a party desiring to appeal fails to give notice in open court, either at the time the judgment appealed from is rendered or within 10 days thereafter, of his intention to appeal to the Supreme Court, this court is without jurisdiction to review such judgment and an appeal therefrom will be dismissed."

No bill of exceptions is incorporated in the transcript, and no notice of appeal having been given as required by section 782, C. O. S. 1921, this court is without jurisdiction to review the judgment appealed from.

The appeal is dismissed.