### CRUSE et al. v. MURPHY et ux.

No. 22229. Opinion Filed Nov. 10, 1931.

Rehearing Denied Nov. 24, 1931.

W. A. Smith and J. B. Harrison, for plaintiffs in error.

Tom W. Cheatwood and W. H. Woods, for defendants in error.

PER CURIAM. This is an appeal from a default judgment rendered in the district court of Oklahoma county, Okla., on the 6th day of October, 1930, against the plaintiffs in error, defendants below, and from an order overruling the motion of the defendants to vacate the judgment and for a new trial, which judgment and order was rendered on December 1, 1930. Petition in error with purported case-made attached was filed herein April 6, 1931; the record is duly certified to by the court clerk as a transcript.

The defendant in error presented a motion to dismiss the appeal on the grounds that the case-made was served on the 6th day of April, 1931, and that the purported case-made was settled and signed by the trial court on said date and the appeal filed in this court on the said 6th day of April, 1931, thereby denying the defendants in error the privilege of three days' time within which to examine the case-made and to suggest amendments as was provided by the order of the trial court made March 28, 1931, extending the time in which to prepare and serve case-made. The certificate of the trial judge recites that the attorneys of record having stipulated that the above and foregoing is a full, true, correct, and complete case-made, and having waived the suggestion of amendments and stipulated that said case-made should be signed immediately and without notice; but the record discloses that the case-made was served on the defendants in error and notice of settlement was also served on the 6th day of April, 1931, but that the defendants in error did not sign a waiver of amendments and agreement that the case-made could be settled without further notice.

The certificate of the trial judge to a case-made is not a verity, but is only prima facie evidence of the facts recited in the certificate, and where the recital in the certificate is shown by the record to be erroneous, the record will control. Town v. Crawford, 106 Okla. 254, 234 P. 208.

Plaintiffs in error contend that the appeal was taken on both case-made and transcript. Defendants in error move for a dismissal on the grounds that no notice of appeal was given by said plaintiffs in error as required by law.

In our examination of the record, we find that no notice of appeal from the judgment rendered on October 6, 1930, was given at the time of the rendition of said judgment or within 10 days thereafter as required by the statute. No notice of appeal from the order overruling the motion for new trial and to vacate the judgment entered on December 1, 1930, was given on said date or within 10 days thereafter

The motion for new trial and to vacate judgment and order overruling the same are no part of the record unless made so by bill of exceptions or case-made and the alleged errors based thereon cannot be reviewed upon transcript. McHenry v. Spears, 84 Okla. 28, 202 P. 779; Alexander v. Jacobs, 101 Okla. 149, 224 P. 527; Chase v. Byrnes, 147 Okla. 118, 294 P. 786.

Section 782, C. O. S. 1921, provides the manner and time of giving notice of appeal. The notice shall be given in open court at the time the judgment is rendered or within 10 days thereafter. This provision of the statute is mandatory and where it is not complied with this court acquires no jurisdiction of the appeal. Oliver v. Kelly, 129 Okla. 121, 263 P. 649.

The record discloses that, on June 22, 1931, the defendants in error appeared in this court and filed application for permission to withdraw the case-made for correction. The petition in error was filed in this court on the 6th day of April, 1931, the last day on which the plaintiff in error had to perfect the appeal from the judgment rendered on October 6, 1930. The appearance of the defendants in error did not occur until after the time for perfecting the appeal had expired, and under the rule announced in the case of In re Combs' Estate. 62 Okla. 33, 161 P. 801, jurisdiction was not conferred upon this court by such an appearance. The rule there announced is as follows:

"Jurisdiction is not conferred upon this

court by a general appearance of the sole defendants in error, made after the time for filing the appeal has expired."

The purported case-made having been signed and settled by the trial judge, and filed in this court on the 6th day of April, 1931, the same day on which it was served on the defendants in error, and the defendants in error having been deprived of an opportunity to suggest amendments and not having waived the suggestion of amendments and agreed that the same could be settled without further notice, the said record is a nullity as a case-made and presents nothing for this court to review.

Notice of appeal required by section 782, supra, is in lieu of summons in error, and without proper notice of appeal within the time required by the statute, this court does not acquire jurisdiction to review the questions presented by such an appeal. The notice of appeal not having been given within the time prescribed by the statute, the appeal must be, and is hereby dismissed.

Note.—See under (1) 2 R. C. L. 158; R. C. L. Perm. Supp. p. 351.