## LITTLE v. EMPLOYER'S CASUALTY CO.

No. 27787. June 29, 1937.

Rehearing Denied Sept. 21, 1937.

R. D. Howe, for plaintiff in error.

James C. Cheek, for defendant in error.

PER CURIAM. A motion to dismiss was filed upon the ground that no notice of intention to appeal is contained in the record, which is by transcript, and that the minutes of the clerk of July 13, 1936, constitute no part of the record, and therefore there is no proper showing of a notice of intention to appeal within the terms of section 531, O. S. 1931. We held in Callander v. Hopkins, 97 Okla. 41, 222 P. 672, that it was the mandatory duty of the clerk of the court to enter upon the trial docket the notice of appeal as provided by section 531, supra, and that it thereby became a part of the judgment roll or record proper and subject to review on appeal as a part of such record either by transcript or case-made. This opinion has never been questioned since its adoption on January 15, 1924.

There is no requirement in the statute or otherwise to make a record of notice of appeal except as provided by section 531, supra. Section 72, O. S. 1931, is as follows:

"The clerk of the district court shall keep an appearance docket, a trial docket, a journal, a judgment docket, an execution docket and such other books as may be ordered by the court or required by law."

It will be seen that it requires the clerk to keep a trial docket and an appearance docket. Section 531, supra, makes it mandatory for the clerk to enter the notice of appeal on the trial docket. By an examination of sections 73, 74, 75, and 76, it will be noted that there is no requirement as to what the trial docket shall contain, and we find no reference to a trial docket other than in sections 72 and 531, supra.

Section 73, O. S. 1931, is as follows:

"On the appearance docket he shall enter all actions in the order in which they are brought, the date of the summons, the time of the return thereof by the officer, and his return thereon, the time of filing the petition, and all subsequent pleadings and papers, and an abstract of all judgments and orders of the court."

It will be seen by an examination of the above sections that they contain all of the matters relating to the proceedings had on the trial. We think it is immaterial whether the trial docket is kept separately or whether the clerk chooses to use the appearance docket. When the notice of appeal is duly given as provided in section 531, supra, it should be entered upon the permanent docket, and it thereupon becomes a part of the record.

It will be further noted that there is no requirement that the record of the notice of intention to appeal be contained in any journal entry. We hold that if the recital of the notice of intention to appeal is contained in the journal entry, such constitutes sufficient evidence of giving of notice of appeal, for this court will presume that the clerk being a public official performed his duty. If there is no evidence of giving of the notice of appeal recorded by journal entry, if the appeal is by transcript, the clerk should certify the part of the appearance docket or the trial docket where the record of the notice of appeal is entered. On furnishing a transcript it is his duty to furnish and certify everything that is a part of the record. When the notice of appeal is entered, it becomes a part of the record. Callander v. Hopkins, supra.

In this case there is no part of the record that shows the giving of notice of the intention to appeal. In a response plaintiff in error states that the minutes of the clerk show that such notice was given. We have held that the minutes are no part of the record and cannot be considered by this court. Lillard v. Meisberger, 113 Okla. 228, 240 P. 1067; American National Bank of Wetumka v. Hale Halsell Co., 170 Okla. 366, 41 P. (2d) 830.

Section 535, O. S. 1931, provides that if a transcript or a case-made is incomplete, either party upon application may withdraw the same and have it corrected to speak the truth. There has been no application to this court by either party to correct the transcript in this proceeding. The transcript does not show that notice of intention to appeal was given at the date of the rendition of the judgment or within ten days thereafter as provided by section 531, O. S. 1931. We have held

many times that the giving of such notice is jurisdictional. The appeal is therefore dismissed.

OSBORN, C. J., BAYLESS, V. C. J., and CORN, GIBSON, and HURST, JJ., concur.