## LYMAN v. STATE et al.

No. 29602.  Sept. 30, 1941.

*117 P. 2d 537.*

R. M. Mountcastle, of Muskogee, and George F. Short, Welcome D. Pierson, and Max G. Morgan, all of Oklahoma City, for appellants.

Dudley, Hyde, Duvall & Dudley, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for appellees.

L. V. Reid and Ed White, both of Oklahoma City, for Corporation Commission.

PER CURIAM.  This is an appeal from the order of the Corporation Commission amending certificate of public convenience and necessity, No. 1851, in favor of Yellow Cab Transit Company. The order was entered on June 7, 1939, and no notice of intention to appeal was given at that time. On August 2, 1939, certain proceedings in the nature of a rehearing were considered, at which time oral arguments were submitted by various attorneys representing the parties interested. Some time subsequent to the latter date the Corporation Commission entered what is called an order overruling motion for new trial dated August 21, 1939.

The appellants purport to appeal from the order of the Corporation Commission. A motion to dismiss has been filed for the reason that no notice of intention to appeal was given as required by law. After the motion to dismiss was filed, appellants obtained leave to withdraw the record for the purpose of incorporating certain materials therein. The record as amended has been returned and filed. The material contained in the amended record goes chiefly to the lack of ability of counsel to give any notice of intention to appeal after the proceedings had on August 2, 1939, and the response to the motion to dismiss offers an excuse for such failure to give the notice of intention to appeal from either the order of June 7, 1939, or the order under date of August 21, 1939.

The record still shows that no notice of intention to appeal was given either from the order of June 7, 1939, or the order dated August 21, 1939.

The appeal must be dismissed under the authority of Blackmon v. Reid, 170 Okla. 122, 38 P. 2d 957; Little v. Employer's Casualty Co., 180 Okla. 628, 71 P. 2d 687, in which this court held that where no notice of appeal is given as provided by the statute, the Supreme Court acquires no jurisdiction on appeal.

Chapter 253, S. L. 1929, § 6, 47 Okla. St. Ann. § 166, provides that orders of the Corporation Commission shall become final unless the appeal is taken to the Supreme Court. Appeals taken from orders of the Corporation Commission shall be taken in the same manner in which appeals may be taken from the district court. Const. art. 9, § 20; In re Quinton Relief Oil & Gas Co., 88 Okla. 133, 211 P. 493; Nance v. State, 122 Okla. 36, 252 P. 11.

It appearing, therefore, that no notice of appeal has been given as provided by law, the proceeding is dismissed.

WELCH, C. J., CORN, V. C. J., and OSBORN, GIBSON, and DAVISON, JJ., concur.