RENDER v. SCHAFER, Inc.

No. 32428. Dec. 23, 1946.

*175 P. 2d 330.*

John Connolly, Jr., and Howard K. Berry, both of Oklahoma City, for plaintiff in error.

Leverett Edwards, of Oklahoma City, for defendant in error.

PER CURIAM. S. P. Render, hereinafter called plaintiff, filed an action against Henry Schafer, Incorporated, a corporation, to recover for attorneys' fee. On the 16th day of August, 1945, the trial court sustained a demurrer to the petition. On the 20th day of August, 1945, the plaintiff filed a motion for new trial, and the minutes show that this motion was overruled on October 3, 1945, but since no journal was made of this entry, it cannot be considered as the order from which the appeal is prosecuted. Lillard v. Meisberger, 113 Okla. 228, 240 P. 1067.

We have also held that where the appeal is taken from an order sustaining the demurrer to the petition which terminates the proceedings, the filing of a motion for new trial and the order entered thereon serves no purpose to extend the time for appeal. Manes v. Hoss, 28 Okla. 489, 114 P. 698; Miller & Glass v. Tulsa Tribune, 174 Okla. 80, 49 P. 2d 726, and related cases.

After the case-made was filed in this court the plaintiff obtained an order to withdraw the case-made for amendment and correction, and in an application for an order nunc pro tunc he attempted to establish by evidence that he actually gave notice of intention to appeal from the order of the court sustaining the demurrer. The court, after conducting a hearing, refused to enter the order nunc pro tunc and made a finding that no notice of intention to appeal had been given on the 16th day of August, 1945, or within 10 days thereafter. This finding is sustained by the evidence produced at the proceedings conducted by the trial judge. An application was filed in this court under date of November 18, 1946, requesting that this court order the case-made corrected to disclose that within 10 days after the 16th day of August, 1945, there actually was a notice given in open court of intention to appeal. We have held that this court is without authority to enter such order. Werfelman v. Miller, 180 Okla. 267, 68 P. 2d 819; Little v. Employer's Casualty Co., 180 Okla. 628, 71 P. 2d 687, and cases therein cited.

This court has held that where a party desiring to appeal fails to give notice in open court of an intention to appeal at the time the order or judgment is rendered or within 10 days thereafter, this court is without jurisdiction to review such order or judgment, and an appeal therefrom will be dismissed. Oliver v. Kelly, 129 Okla. 121, 263 P. 649; Cruse v. Murphy, 153 Okla. 169, 5 P. 2d 147; American National Bank of Wetumka v. Hale-Halsell Co., 170 Okla. 366, 41 P. 2d 830.

The appeal is dismissed.

GIBSON, C.J., HURST, V.C.J., and OSBORN, CORN, DAVISON, and ARNOLD, JJ., concur.