**Everett CREWS and Helen Crews, Plaintiffs in Error,**

**v.**

**SHELL OIL COMPANY and the Corporation Commission of the State of Oklahoma, Defendants in Error.**

**No. 41244.**

Supreme Court of Oklahoma.
Sept. 28, 1965.

484

Otjen, Carter, Huddleston & Otjen, Enid, for plaintiffs in error.

Walker & George, by Barth P. Walker, J. C. Spalding, Gordon Watts, Oklahoma City, for defendants in error.

HODGES, Justice.

This cause is before the court on motion by Shell Oil Company to dismiss the instant appeal or, in the alternative, to remand it for further proceedings before the Corporation Commission. The decisive question to be determined is: Does the law require that

one who is aggrieved by a decision rendered by the Corporation Commission in the exercise of its jurisdiction under the Oklahoma Oil and Gas Conservation Act, 52 O.S.1961, § 81 et seq., give notice of appeal within the time and in the manner prescribed by 12 O.S.1961, § 954, and if so, is such notice essential and indispensable to perfect a proceeding in error in this court? Since an early determination of the question posed presents a matter of great general interest to the bar, the court directed the motion under consideration be disposed of by formal opinion rather than one in memorandum form as authorized by 12 O.S.1961, § 976.

After due notice and extended hearings in consolidated causes designated as No. 19582 and No. 19583, the Corporation Commission established by order No. 56069 an increased allowable production of oil and gas from two wells operated by Shell in Garfield County. This order, promulgated August 24, 1964, will be referred to as the "former order." By a motion filed in each cause on October 23, 1964, plaintiffs in error sought to reopen the matter for the purpose of taking additional evidence and procuring a modified order which would reduce the allowable to that fixed "for all other wells in S. E. Flynn Field, Garfield County." The day these motions were filed they were summarily denied by Order No. 56606 which will be called the "latter order." The latter order was entered without any advance notice either to Shell or to the other parties and without affording them an opportunity to be heard. Plaintiffs in error gave notice of their intention to appeal from the latter order and commenced this proceeding in error the very day their motion to reopen was denied. All errors assigned for review appear, however, to be directed at the former rather than at the latter order.

Shell seeks dismissal and asserts that the assigned errors in the former order, sought to be reviewed herein, cannot be considered because plaintiffs in error failed to give notice of appeal within 10 days from the day that order was rendered. According to Shell's argument, there is nothing before

this court for review since none of the errors assigned are directed to the latter order and the latter order is void on the face of the record because its promulgation without any advance notice to the adversary parties violated due process. Shell urges that this appeal be dismissed or, in the alternative, this cause be remanded to the Corporation Commission for such further proceedings on motion to reopen as may be "consistent with due process."

Since this appeal was taken from a decision rendered in a proceeding instituted before the Corporation Commission under the Oklahoma Oil and Gas Conservation Act, 52 O.S.1961, § 81 et seq., it is governed in part by the procedure prescribed in 52 O.S.1961, § 113. The cited statute provides in pertinent part that "appeals may be taken to the Supreme Court" from a decision promulgated by the Corporation Commission under the provisions of the Act "(I)n the manner now provided by law for taking appeals to the Supreme Court" in cases affecting transportation and transmission companies. In its concluding paragraph the cited section prescribes that "(A)ll appeals under the provisions of this Act must be taken within 60 days from the date" the decision appealed from was rendered. The appeals in cases affecting transportation and transmission companies, to which reference is made in Sec. 113, supra, are governed by the provisions of Art. 9, Secs. 20 and 22 of our Constitution. The former section provides in pertinent part that appeals from an action of the Corporation Commission in cases affecting public service and utility corporations may be taken to the Supreme Court "in the manner and in the same time" as appeals from the district courts, except that the Supreme Court may by rule supplement the procedure "in any particular in which the existing rules of law are inapplicable." The only rule promulgated by this court under the quoted provisions is Rule 54 which requires plaintiff in error to serve upon the Attorney General and upon the Corporation Commission "the brief * * * and

all motions and petitions in regard to such appeal."

Art. 9, Sec. 22, Okl.Const., is the other section of our fundamental law which contains provisions pertinent to the question before us. That section sets forth that in case of appeal (affecting transmission and transportation companies) "the cause shall be heard on the record made before the Corporation Commission" which shall be certified by the Chairman under the seal of the Commission.

■ This, in substance, summarizes the constitutional and statutory procedure which governs an appeal from the Corporation Commission in a cause instituted in that tribunal under the Oklahoma Oil and Gas Conservation Act. These provisions, when viewed together and construed as a consistent totality, clearly indicate that except as may be otherwise prescribed by law, the procedure to be followed in such appeals is that which is applicable generally to appeals from district courts. In re Application of Moran, 201 Okl. 43, 200 P.2d 758, 760; In re Quinton Relief Oil & Gas Co., 88 Okl. 133, 211 P. 493.

■ Under the terms of 12 O.S.1961, § 954, which forms a part of our general appellate procedure, notice of intention to appeal must be given either at the time "the judgment or final order is rendered" or by filing a written notice within 10 days after the rendition of the "judgment or final order." This provision is mandatory and indispensable. Notice of appeal within the time and in the manner so prescribed constitutes a jurisdictional requirement which supplants the summons in error and operates to make all parties below, other than those not appearing at trial or filing disclaimer, parties defendant in error on appeal. Render v. Henry Schafer, Inc., 198 Okl. 95, 175 P.2d 330, 331; Nixon et al. v. General Explosive Co., 89 Okl. 184, 214 P. 911, 912; Hill v. McCleery, 141 Okl. 205, 284 P. 646; Oliver v. Kelly, 129 Okl. 121, 263 P. 649; Miller & Glass et al. v. Tulsa Tribune Co., 174 Okl. 80, 49 P.2d 726, 728; Wheeler et al. v. Exchange Nat. Bank et al.,

196 Okl. 405, 165 P.2d 614, 615; Goodkin et al. v. Hough, Sheriff, 191 Okl. 372, 130 P.2d 95; Fishencord et al. Peterson et al., 182 Okl. 315, 77 P.2d 706; City of Sapulpa v. Young, 147 Okl. 179, 296 P. 418. The requirement of a timely notice of appeal applies with equal force and effect to all three statutory methods of bringing a case for review from the district court to the Supreme Court. Little v. Employer's Casualty Co., 180 Okl. 628, 71 P.2d 687; Blackmon v. Reid, 170 Okl. 122, 38 P.2d 957; Render v. Henry Schafer, Inc., supra; Diehl v. Phillips Petroleum Co., Okl., 376 P.2d 203; Garrett v. Watson, Okl., 342 P.2d 560. Compliance with such requirement has been held indispensable in an appeal from a decision of the Corporation Commission in a case affecting transportation and transmission companies. Lyman et al. v. State, et al., 189 Okl. 393, 117 P.2d 537, 538.

■■ Consistently with these mandatory provisions of the law, this court has stood firmly committed to the view that two steps must be taken to confer jurisdiction upon it of an appeal from a decision of the Corporation Commission in a cause instituted before that tribunal under the Oklahoma Oil and Gas Conservation Act: (1) notice of appeal must be given within the 10-day period and in the manner specified in 12 O.S.1961, § 954; and (2) petition in error must be filed in this court within 60 days "from the date on which * * * final action of the Commission appealed from shall have been * * * taken * * *." as perscribed by 52 O.S.1961, § 113. When these two requirements are met an appeal stands perfected and jurisdiction thereof vested. The record certified by the Chairman "under the seal of the Commission" need not be filed here within the 60 days. On proper showing the court may extend that period in its discretion. In re Application of Moran, supra.

■ The time limit of 10 days prescribed by 12 O.S.1961, § 954 for giving notice of appeal is rigid and inflexible. It may not be extended by the trial judge, Whelchel

v. Whelchel, 192 Okl. 3, 133 P.2d 192, nor dispensed with by the parties, except by a written waiver, signed by defendants in error or their counsel of record and filed in this court within the maximum period of time prescribed by law for the commencement of an appeal. Kershaw v. Board of Com'rs of Muskogee County et al., 135 Okl. 302, 275 P. 621, 622; Callander v. Hopkins, 97 Okl. 41, 222 P. 672.

 It stands undisputed that no notice of appeal was given by plaintiffs in error within 10 days after the rendition of the former order on August 24, 1964, and no waiver of such notice has been filed by defendants in error in this court. The constitutional and statutory provisions governing this appeal, discussed earlier in this opinion, make no provision for a motion for rehearing, reconsideration, or for new trial as a prerequisite of an appeal. While the Corporation Commission may entertain such motions in a proper case, it is not required to act upon them. The appeal must be taken from "the action taken" which is the order on the merits of the case and not an order denying rehearing, new trial or reconsideration. Holzbrierlein et al. v. State, 197 Okl. 509, 172 P.2d 1007, 1010; Republic Natural Gas Co. v. State, 198 Okl. 350, 180 P.2d 1009; Southwestern Bell Telephone Co. v. State et al., 181 Okl. 246, 71 P.2d 747, 748, 750; Atchison, T. & S. F. Ry. Co. v. Love, 23 Okl. 192, 99 P. 1081, 1086.

 Where the law provides an exclusive method for prosecution of an appeal by proceeding directly from the decision on the merits, a motion for reconsideration or new trial can have no function in the chain of appellate procedure and such motion will not extend either the appeal time or the time within which notice of appeal must be given under the provisions of 12 O.S.1961, § 954. Miller & Glass et al. v. Tulsa Tribune Co., supra; Wheeler et al. v. Exchange Nat. Bank, supra.

 Were we to assume that the motion to reopen, filed below by plaintiff in error on October 23, 1964, was in the nature of an application for reconsideration or for a new trial, its filing did not extend the statutory time for giving notice of appeal. That time expired 10 days after the former order of August 24 was rendered. See also, Long v. McMahan, Okl., 258 P.2d 616. We conclude that no timely notice was given from the former order and this Court is without jurisdiction to extend its review here to errors directed to that order. Failure to properly perfect an appeal from a reviewable decision renders such decision final and precludes the aggrieved party from procuring a review of errors made therein in an appeal taken from a subsequent decision in the case. Magnolia Pipe Line Co. v. Ricks, 190 Okl. 145, 121 P.2d 570, 571.

In the absence of a proper appeal therefrom, the former order of August 24th became final and is now beyond the reach of our review herein.

It necessarily follows that if the Petition in Error filed herein challenges only Order No. 56069, promulgated by the Commission on August 24, 1964, this Court does not have jurisdiction of the cause and the same is accordingly dismissed.

However, if we assume the Petition in Error is sufficient to challenge Order No. 56606, promulgated on October 23, 1964, another issue is presented. When plaintiffs in Error filed their motion for modification with the Corporation Commission, Order No. 56069, promulgated on August 24, 1964, had become final; no notice was given to defendants of the application for modification; and such motion was heard instanter, ex parte, and the same was denied.

 In Carter Oil Co. v. State, 205 Okl. 374, 238 P.2d 300, we held:

"The Corporation Commission is without authority to review and modify or change a former order, which has become a final order, without giving the statutory notice, to all interested parties, of a hearing to be had on the question of the proposed modification or change of the order."

In the above case we held the order to be void for want of authority to enter the same, and ordered the same vacated. The Carter case was cited with approval in Carpenter v. Powell Briscoe, Inc., Okl., 380 P.2d 245, and we said that notice must be given as required by Title 52 O.S.1961, § 112, before the Commission acquires jurisdiction over the parties to hear such application.

Since no notice was given in the proceedings before the Commission to the defendants as required by Sec. 112, supra, to modify the order of August 24, 1964, which became final, the Commission was without authority to either grant or deny such application. The order denying such application is accordingly vacated.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, WILLIAMS, IRWIN, BERRY and LAVENDER, JJ., concur.