Gaylord A. BURBRIDGE, Gaylord Alton Burbridge, Stephanie Carolyn Burbridge, Gifford O'Henry Burbridge and Clarence Gregory Burbridge, all by their Guardian, Arnold T. Fleig, appointed to defend on their behalf, Plaintiffs in Error,

v.

The FIRST NATIONAL BANK AND TRUST COMPANY OF OKLAHOMA CITY, Oklahoma, a National Banking Association, Lovina A. Burbridge, Robert O. Burbridge, Bobbie Jean Lane, Jerry Allen Burbridge and Barbara Joan Ferris, Defendants in Error.

No. 40354.

Supreme Court of Oklahoma.

Dec. 7, 1965.

Rehearing Denied May 24, 1966.

Arnold Fleig, Oklahoma City, for plaintiffs in error.

Cochran, Dudley, Fowler, Rucks, Baker & Jopling, by R. C. Jopling, Jr., Oklahoma City, for defendants in error.

IRWIN, Justice.

The First National Bank and Trust Company of Oklahoma City, referred to as Trustee, commenced proceedings under the provisions of the Uniform Trust Act (Title 60 O.S.A. Sec. 175.1, et seq., particularly under Sec. 175.23) to obtain a judicial construction of a revocable trust agreement and amendments thereto, for approval of

Trustee's accounting, and for other relief. The trust agreement and the amendments thereto had been executed by Lovina A. Burbridge, hereinafter referred to as Settlor.

Settlor and the beneficiaries of the Trust were joined as party defendants. One of the defendants, Gaylord A. Burbridge, who was a son of Settlor and a beneficiary, and his defendant beneficiary-children challenged the Trustee's accounting and asserted that there was a great disparity between the assets transferred to the Trustee and the assets accounted for. In their cross-petition, these defendants sought judgment surcharging the Trustee for assets not accounted for, removal of Trustee, and other relief.

In an amended answer, defendant Lovina A. Burbridge, Settlor, alleged that all of the assets shown in Trustee's petition as exhibits are all of the assets of the trust agreement which she, as Settlor, intended to and ever did place in trust or deliver to or place under the possession of or under the control of the Trustee. Settlor prayed that Trustee be allowed the relief sought.

Judgment was rendered for the Trustee as prayed for and plaintiffs in error, Gaylord A. Burbridge and his children, perfected this appeal from the order overruling their motion for a new trial. Gaylord A. Burbridge and his children, will be referred to as defendants.

Defendants argue that the Revocable Trust Agreement which was dated October 25, 1960, was accepted by the Trustee on that date; that there was attached to the trust a schedule of assets and that such assets were transferred to the Trustee as the trust corpus; that by being attached to the trust agreement, and by force of Trustee's acceptance of the trust agreement, there was a symbolic delivery of the assets described and listed in the schedule; and that Trustee is responsible and accountable for all the assets described and listed in the schedule.

The schedule of assets which defendants argue were placed in trust by Settlor on October 25, 1960, and accepted by Trustee on that date as corpus of the trust consists of a list of savings and bank accounts and other properties owned by Settlor and her husband in February, 1959, and also a statement of the income and expenses of Settlor's and her husband's business (The Southwestern Stamp Works) for a ten month period ending February 19, 1959.

Settlor's husband died in October, 1960, and Settlor continued to operate the business of Southwestern Stamp Works. Trustee was appointed administrator with the will annexed of the Last Will and Testament of Settlor's deceased husband.

The Revocable Trust Agreement reflects a date of October 25, 1960, and discloses that on that date Lovina A. Burbridge, executed the same and had her signature acknowledged. Defendants take the position that the trust agreement was accepted by Trustee on October 25, 1960. Trustee takes the position that the trust was not accepted by it until December 28, 1960. The attorney who prepared the trust agreement and amendments thereto, testified that the original trust agreement and amendments remained in his office until December 28, 1960. Trustee's officers testified that Trustee did not accept the trust agreement and amendments thereto, until December 28, 1960. The excerpts from the Minutes of the Trust Operating Committee of the Trustee, held on December 28, 1960, shows the Committee approved on that date the " * * * Living Trust for Lovina A. Burbridge".

Although defendants and Trustee seem to place a great deal of importance as to the date that Trustee accepted the trust, we find under the facts herein presented and applicable law that the primary issue presented is not the date the trust agreement was accepted by Trustee and the same became effective, but what property was transferred to Trustee to be held in trust.

The trust agreement, with reference to the property to be transferred, provides:

"NOW, THEREFORE, in consideration of love and affection, the Settlor does hereby grant, bargain, sell, convey, assign and set over to * * * Trustee, the property described in Schedule 'A' hereto attached * * *."

No property was listed or described in the trust agreement. Defendants argue that certain documents were delivered with the trust agreement as a schedule of the properties and assets transferred to the Trustee as the trust corpus; that if the Trustee was dissatisfied with the description of the property and assets transferred, then the Trustee should have refused to sign the trust agreement; and that the trust corpus consisted of intangibles that could not be delivered, such as bank accounts and savings accounts, and inasmuch as all these intangibles could not be delivered, the various documents describing the properties and assets attached to the trust agreement constituted a symbolic delivery of the corpus of the trust to the Trustee.

Defendants further argue that the execution of the various documents and the acceptance of the amendments thereto, all combined to induce the trustor (Settlor) to believe that the trust was operative and the Trustee should be estopped from contending otherwise; and that Settlor was at all times led to believe that the trust was effective and Trustee should not be heard to assert otherwise.

Trustee argues that the trust agreement did not describe any specific assets or property; that it was contemplated that the Settlor would bring various assets to Trustee and deliver them under the terms of the trust; that neither the Trustee nor Settlor ever intended that any property or assets belonging to Settlor would become a part of the trust corpus until the Settlor made a specific transfer and delivery of the specific property or asset; that the various documents describing certain assets were not delivered to Trustee until after the trust had been accepted and the docu-ments were not attached to the trust agreement or formed a part thereof; that at the time the documents were delivered to it, it had just been appointed administrator of Settlor's deceased husband's estate and the documents were of value in connection with locating assets of the estate.

Trustee further argues that delivery of assets to a donee or trustee is essential to an effective gift or conveyance in trust; that the trust in question was an "open end" trust and in each instance where the Settlor did place assets in trust and subject to the terms of the trust instruments, she physically delivered to Trustee the items in question and executed some document— either a check or passbook or affidavit or lost passbook or security; and that Trustee could be held liable only for assets within its possession and control and has no duty to account for property which was never in its possession or under its control.

■ Without setting forth the testimony of the officers of Trustee and the attorney who prepared the trust agreement and amendments thereto, we find that the clear weight of the evidence established that: no property or assets were listed in the trust agreement, or attached thereto as exhibits; that the list of the properties and assets formed no part of the trust agreement; that neither the Settlor nor Trustee ever intended or contemplated that any property or assets belonging to Settlor would become a part of the trust corpus until Settlor made a specific transfer and delivery of the specific property or asset to Trustee; and that any and all properties and assets placed in the trust were specifically transferred and delivered by the Settlor to the Trustee in accordance with Trustee's and Settlor's intention and agreement.

■ The above findings are substantiated by and in harmony with Settlor's amended answer wherein she alleged that Trustee had accounted for " * * * all of the trust agreement which she, as Settlor, intended to and ever did place in trust or deliver to or place under the possession of or under the control of the Trustee."

In Cameron v. Cameron, 96 Okl. 98, 220 P. 889, we held:

"A 'voluntary trust' is an equitable gift, and in order to be enforceable by the beneficiaries must be complete. Whenever the donor undertakes to divest himself of the entire ownership, either by direct transfer to the donee, or by conveyance to a trustee to hold for the donee's benefit, the transaction will not be complete unless there is an actual delivery of the thing given or of the instrument by which the donor signified his intention of parting with the control over it."

In Ratcliff v. Lee, 200 Okl. 253, 192 P.2d 843, we held that in order to create an enforceable trust it is necessary that the donor or creator part with his interest in the property to the trustee and the property must be delivered to another as a trustee.

Title 60 O.S.1961, Sec. 175.1, inter alia, provides that a trust may be created by a transfer inter vivos by the owner of property to another person as trustee for the transferor or for a third person.

In Cook v. First Nat. Bank of Pawhuska, 145 Okl. 5, 291 P. 43, we held that a gift inter vivos is complete only where there is an intention to give accompanied by a delivery of the thing given, and is not complete if there remains anything to be done by the donor to consummate the gift.

Although we held in Garrison v. Spencer, 58 Okl. 442, 160 P. 493, that a gift of chattels is complete and valid as an executed gift by deed alone and without an actual delivery of the chattels, the documents relied upon by defendants to constitute a transfer of property and assets do not meet the requirements of a deed of conveyance or a transfer of interest.

The trust created by Lovina A. Burbridge, as Settlor, in the instant action was a voluntary trust. The record conclusively shows that Trustee has accounted for all of the corpus of the trust that was sufficiently transferred to and conveyed to it by Settlor which constituted all the property and assets that Settlor intended to place in the trust. Since the properties and assets which defendants seek to surcharge trustee with, form no part of the corpus of the trust, the trial court's judgment denying defendants relief and granting the relief Trustee prayed for, must in all respects be affirmed.

Judgment affirmed.

HALLEY, C. J., and DAVISON, WILLIAMS, BLACKBIRD, BERRY, HODGES and LAVENDER, JJ., concur.