Dr. Harrell E. GARRISON et al.,
Plaintiffs in Error,

v.

The STATE of Oklahoma and the Corpora-
tion Commission of the State of Okla-
homa, Defendants in Error.

No. 41638.

Supreme Court of Oklahoma.

Nov. 1, 1966.

Leon S. Hirsh, James C. Harkin, Paul Johanning, David Hudson, Oklahoma City, for plaintiffs in error.

Mosteller, Andrews & Mosburg, by William J. Legg, Oklahoma City, for defendants in error.

WILLIAMS, Justice.

This cause is reached for consideration of a jurisdictional question raised by an order of this Court, dated September 28, 1965, which directed plaintiffs in error to show cause why their appeal should not be dismissed for failure to give notice of appeal within ten days from rendition of judgment as provided by 12 O.S.1961, § 954. On October 5, 1965, Oklahoma City Municipal Improvement Authority, protestant below, filed its motion here to dismiss the appeal on the same ground. Plaintiffs in error filed their response on October 8, 1965.

This cause was initiated by the plaintiffs in error in the Corporation Commission of the State of Oklahoma by application for an order of the Commission establishing rules and regulations for regulation of the rates, charges and practices for water, electric, natural gas and sanitary sewer service provided by the trustees of public trusts in the State of Oklahoma. The matter was set for hearing before the Corporation Commission, and after the introduction by the plaintiffs in error of evidence in support of their application, certain protestants demurred. The Commission, by its order No. 59084, dated June 4, 1965, refused to assume jurisdiction and dismissed the application of plaintiffs in error. On June 14, 1965, plaintiffs in error filed a motion for rehearing which was overruled by the Commission on August 24, 1965. On this same date, August 24, 1965, plaintiffs in error gave notice of appeal upon the original record, and on August 31, 1965, the petition in error was filed herein.

The manner in which appeals may be taken from an action of the Corporation Commission in cases affecting public service and utility corporations, is governed by Art. 9, Sec. 20, Oklahoma Constitution, which provides:

"From any action of the Corporation Commission * * * an appeal may be taken * * * directly to the Supreme Court of the State of Oklahoma, in the manner and in the same time in which appeals may be taken to the Supreme Court from the District Courts * * *."

Section 954, 12 O.S.1961, which forms part of our general appellate procedure, in pertinent part provides:

"* * * (a)nd the party desiring to appeal shall give notice of his intentions to appeal either in open court at the time the judgment or final order is rendered or by filing a written notice with the Clerk of the trial court within ten (10) days after the rendition of the judgment or final order * * *."

This provision is mandatory, and where a party desiring to appeal fails to give notice in open court of his intention to appeal to this Court at the time judgment is entered or within ten (10) days thereafter, and if motion for a new trial is unnecessary, this Court is without jurisdiction to review such judgment and an appeal therefrom will be dismissed. Long v. McMahan, Okl., 258 P.2d 616; Render v. Henry Schafer, Inc., 198 Okl. 95, 175 P.2d 330; Oliver v. Kelly, 129 Okl. 121, 263 P. 649; Crews v. Shell Oil Co., Okl., 406 P.2d 482; Goodkin v. Hough, 191 Okl. 372, 130 P.2d 93.

From a review of the proceedings herein, it is clear that the plaintiffs in error did not give notice of intention to appeal within ten (10) days from the entering on June 4, 1965, of the Corporation Commission's order No. 59084. However, the plaintiffs in error contend that a motion for rehearing is necessary to preserve error of the Corporation Commission and time for giving notice of intention to appeal is computed from the date of the entry of an order overruling such motion.

The basis of the contention of plaintiffs in error is that since the above quoted provision of Art. 9, Sec. 20, Oklahoma Constitution, provides that appeals from the Corporation Commission shall be taken "in the manner and in the same time in which appeals may be taken to the Supreme Court from the District Courts," a party aggrieved by an order entered in a proceeding in the Corporation Commission must file a motion for a new trial as is required (by 12 O.S.1961, § 651) of an aggrieved party in a district court proceeding.

This Court has considered this question on previous occasions, and although we have held that the Corporation Commission may, in proper cases, entertain motions for rehearing, reconsideration, or for a new trial, we have further held that such motions are neither necessary nor a prerequisite for an appeal from the Commission to this Court. Crews v. Shell Oil Co., supra; Southwestern Bell Telephone Co., v. State et al., 181 Okl. 246, 71 P.2d 747; Atchison T. & S. F. Ry. Co. v. Love, 23 Okl. 192, 99 P. 1081. We have also held that the "action appealed from" is the Corporation Commission's order on the merits of the case, and not the order denying rehearing, new trial or reconsideration. Crews v. Shell Oil Co., supra; Holzbierlein v. State, 197 Okl. 509, 172 P.2d 1007.

The plaintiffs in error contend that the above decisions are no longer controlling because of the effect of a 1963 amendment to 12 O.S.1961 § 651. Prior to 1963, § 651 defined a new trial as "a re-examination in the same court, of an issue of fact." This was amended in 1963 to state:

"A new trial is a re-examination in the same court, of an issue of fact, or of law, either or both * * *."

In Poafpybitty v. Skelly Oil Company, Okl., 394 P.2d 515, we construed the 1963 amendment to § 651 and held that the statute as amended, insofar as appeals from lower courts are concerned, made it mandatory to file and have considered a motion for new trial in order to preserve errors in decisions on issues of fact and law. The Court further stated:

"* * * Any statutes presently in force which indicate that an appeal will lie to this Court either from a judgment or final order must be deemed repealed by implication to the extent that such language may be repugnant to and in conflict with the mandatory provisions of Sec. 651, supra, as amended by the 1963 Legislature." 394 P.2d 519.

The plaintiffs in error argue that "(i)f the Court is to follow the long-standing rule that appeals from the Corporation Commission are governed by the procedure provided for appeals from District Courts to the Supreme Court, and that pursuant to such procedure a notice of intention to appeal pursuant to 12 O.S.1961, § 954, is necessary, in light of the quoted statement of the Court in the *Poafpybitty* case, supra, it is necessary to conclude that the language of § 954, to-wit: '* * * within ten (10) days after the rendition of the *judgment* or *final order* * * *' is repealed to the extent that such language is in conflict with the mandatory provisions of § 651."

 In Poafpybitty, supra, we construed the 1963 amendment to § 651 only insofar as such statute was applicable to appeals from lower courts. The applicability of § 651 to appeals from the Corporation Commission was not in issue in that case. The argument of plaintiffs in error presupposes the very question in issue herein: Are the mandatory provisions of 12 O.S.1961 § 651 applicable in appeals from the Commission? The simple answer to this is, "no," and our prior decisions so holding have made no distinction between errors of law and errors of fact. The 1963 amendment to § 651 and our construction of its effect on appeals from lower courts in no way affects our previous decisions concerning appeals from the Commission.

In the same vein, the plaintiffs in error further argue that since Art. 9, §§ 20 and 22, Okl.Const., have no greater force than statutory law and may be amended by the legislature pursuant to authority granted by Art. 9, § 35, Okl.Const., any language of §§ 20 and 22 which is in conflict with § 651 was repealed by the construction placed upon the 1963 amendment by our decision in Poafpybitty.

There is no evidence either in this record or in the legislative history of the Act to indicate that the Legislature, by amending § 651 intended to amend Art. 9, §§ 20 and 22 and make the mandatory provisions of § 651 applicable to appeals from the Corporation Commission. It must be assumed that the Legislature was aware of our prior decisions holding that § 651 did not apply to appeals from the Commission. Had the Legislature intended to change existing law, we are of the opinion it would have expressly so stated.

Therefore, based upon the above cited decisions of this Court, the notice of intention to appeal in the instant proceeding was required to be given within ten (10) days from the Corporation Commission's order on the merits entered June 4, 1965. Since notice of appeal was not given by plaintiffs in error until eighty-one (81) days after said order was entered, it was not timely filed and this Court is without jurisdiction to entertain the cause.

Appeal dismissed.

JACKSON, V. C. J., and BLACKBIRD, IRWIN, BERRY and HODGES, JJ., concur.

DAVISON, J., concurs in result.

HALLEY, C. J., dissents.